## WILSON v ACACIA PARK CEMETERY ASSOCIATION

Docket Nos. 90689, 90851. Submitted March 4, 1987, at Detroit. Decided September 8, 1987.

Michael D. Wilson brought an action in Oakland Circuit Court against his employer, Acacia Park Cemetery Association, alleging that his discharge from employment was in violation of the Handicappers' Civil Rights Act (HCRA) and in retaliation for anticipated workers' compensation claims for future injuries. Acacia Park brought a third-party claim against plaintiff's labor union, United Steelworkers of America, AFL-CIO-CLC, Local 13702, seeking indemnification or contribution. Plaintiff had sustained a disabling back injury in the course of his activities as a volunteer fireman and his discharge from employment was a consequence of the injury. A grievance which plaintiff had filed with his union led to arbitration and a decision by the arbitrator that the grievance was settled by an agreement reached by the parties. The agreement provided for plaintiff's reemployment contingent upon favorable opinions of a physician selected by Acacia Park and a physician selected by plaintiff, and a third physician selected by both Acacia Park and the union in case of differing opinions by the first two physicians. The opinion of a third physician was in fact needed, and it was his opinion that plaintiff should not return to his job. The trial court, John N. O'Brien, J., entered orders granting summary disposition of plaintiff's action against Acacia Park and Acacia Parks' third-party claim against the union. Plaintiff and Acacia Park appealed, and their appeals were consolidated.

The Court of Appeals *held:*

1. The trial court's dismissal of plaintiff's claim under the HCRA on the basis of the parties' settlement agreement and the

REFERENCES

Am Jur 2d, Civil Rights §§ 98 *et seq.;* 290 *et seq.*

Am Jur 2d, Workmen's Compensation §§ 52 *et seq.*

Recovery for discharge from employment in retaliation for filing workers' compensation claim. 32 ALR4th 1221.

Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

subsequent arbitration decision was erroneous. An exception to the general rule according finality to the decision of an arbitrator applies to a claim brought under the HCRA.

2.. However, plaintiff has failed to state a claim upon which relief can be granted under the HCRA. The HCRA prohibits an employer from discharging or otherwise discriminating against an employee because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position. In this case, it was undisputed that at the time of plaintiff's discharge, plaintiff's back injury prevented him from performing his duties as a groundkeeper for Acacia Park.

3. Plaintiff has also failed to state a claim upon which relief can be granted under a provision of the Workers' Disability Compensation Act prohibiting discharge or discrimination in retaliation for claims for workers' compensation benefits since the provision relates only to prior claims for workers' compensation benefits, not to anticipated future claims.

Affirmed.

1. CIVIL RIGHTS — HANDICAPPED WORKERS — EMPLOYMENT DISCRIMINATION.

A disability that is related to a person's ability to perform the duties of a particular job is not a handicap within the meaning of the Handicapper's Civil Rights Act (MCL 37.1103[b][i]; MSA 3.550[103][b][i]).

2. WORKERS' COMPENSATION — RETALIATORY DISCHARGE — WORKERS' DISABILITY COMPENSATION ACT.

The provision in the Workers' Disability Compensation Act which prohibits the discharge of or discrimination against an employee in retaliation for the employee's claim for workers' compensation benefits relates only to prior claims for such benefits, not to anticipated future claims (MCL 418.301[11]; MSA 17.237[301][11]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Alan B. Posner*), for plaintiff.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Thomas L. Fleury* and *Gail M. O'Brien*), for Acacia Park Cemetery Association.

*Kim Arthur Siegfried*, for United Steel Workers of America, AFL-CIO-CLC.

Before: M. J. KELLY, P.J., and SULLIVAN and
P. R. JOSLYN,* JJ.

P. R. JOSLYN, J. In Docket No. 90689, plaintiff
appeals from a circuit court order granting sum-
mary disposition to defendant Acacia Park Ceme-
tery Association. In Docket No. 90851, Acacia Park
appeals from the circuit court's order granting
summary disposition of Acacia Park's third-party
claim for idemnification or contribution against
plaintiff's collective bargaining agent, the United
Steelworkers of America. We affirm the circuit
court decision to grant summary disposition to
Acacia Park in Docket No. 90689. Because our
holding affirms a judgment absolving Acacia Park
from liability, we do not address the merits of the
idemnification and contribution claims asserted in
Docket No. 90851, which is also affirmed.

This case arose from Acacia Park's decision to
terminate plaintiff's employment as a ground-
keeper. On April 9, 1980, plaintiff sustained a back
injury in the course of his duties as a volunteer
fireman. He was hospitalized, and a laminectomy
was performed. This injury disabled plaintiff from
his employment with Acacia Park, although plain-
tiff alleged in his complaint that he was fit to
return to work as of September 1, 1981. Acacia
Park notified plaintiff on July 13, 1981, that plain-
tiff's name had been eliminated from company
employment records and that plaintiff could not
return to his job unless he reapplied and submit-
ted documentation of his medical fitness.

Plaintiff filed a grievance with the union. Subse-
quent negotiations between Acacia Park and the
union resulted in an arrangement that initially
required plaintiff to obtain a medical opinion that
he was fit to perform his job duties. If plaintiff

* Circuit judge, sitting on the Court of Appeals by assignment.

were able to do so, plaintiff would then submit to a medical examination by a physician selected by Acacia Park. In the event of a conflict between the two opinions, a third physician would be selected by agreement of Acacia Park and the union for the purpose of giving a neutral medical opinion. The contemplated conflict between the opinions of the first two physicians did occur, and a third physician opined that plaintiff should not return to his job.

The union proceeded with arbitration of plaintiff's grievance. The arbitrator decided that the arrangement worked out between the union and Acacia Park to resolve the dispute based on the medical opinions of three physicians constituted a valid settlement agreement of the grievance. Therefore, the grievance was dismissed.

Thereafter, plaintiff filed a complaint against Acacia Park in circuit court, alleging two theories of recovery: (1) violation of the Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*; and (2) retaliatory discharge from employment for anticipated future workers' compensation claims. The circuit court granted summary disposition without specifying which ground of MCR 2.116(C) it relied upon, stating that the voluntary agreement of the parties to submit the grievance to a third, neutral physician was conclusive of the questions raised by plaintiff's suit.

COUNT I: HANDICAPPERS' CIVIL RIGHTS ACT

We conclude that the circuit court's decision to dismiss Count I on the basis of the parties' settlement agreement and the subsequent arbitration decision was erroneous. In *Alexander v Gardner-Denver Co,* 415 US 36; 94 S Ct 1011; 39 L Ed 2d

147 (1974), an exception to the general rule according finality to the decision of an arbitrator was recognized for claims brought under Title VII of the Civil Rights Act of 1964 for unlawful racial discrimination in the workplace. The Court justified this exception because Congress indicated the importance of the policy to vindicate civil rights by statutorily creating a private cause of action in favor of the victims of discrimination. Also significant was the Court's recognition that the private cause of action was directed toward the enforcement of statutory rights, not contractual rights arising from the collective bargaining agreement. These considerations are applicable with equal force to cases arising under the HCRA. See MCL 37.1606; MSA 3.550(606). We hold that the *Gardner-Denver* exception applies by analogy to a claim brought under the HCRA. See *Civil Rights Comm v Chrysler Corp,* 64 Mich App 393, 405-407; 235 NW2d 791 (1975). Cf. *Moss v Dep't of Mental Health,* 159 Mich App 257; 406 NW2d 203 (1987).

Nevertheless, we will not grant appellate relief if the lower court reached the right result, albeit for the wrong reason. *Smith v Motorland Ins Co,* 135 Mich App 33, 39; 352 NW2d 335 (1984), lv den 422 Mich 854 (1985). We conclude that Count I of plaintiff's complaint fails to state a claim on which relief can be granted. MCR 2.116(C)(8). Therefore, the circuit court decision does not require reversal.

A motion pursuant to MCR 2.116(C)(8) is well taken if it is clear from the pleadings alone that the claim does not state a legal basis for recovery. All well-pled facts are assumed to be true. The motion should not be granted unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Crancer v Bd of Regents of the University of*

*Michigan,* 156 Mich App 790, 792; 402 NW2d 90 (1986), lv den 428 Mich 892 (1987).

In the instant case, it is undisputed that plaintiff was in fact physically incapable of fulfilling his job duties at the time of his discharge. What is disputed is whether plaintiff was able to perform his duties after August 31, 1981.

The HCRA prohibits an employer from discharging or otherwise discriminating against an employee "because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position." MCL 37.1202(1)(b); MSA 3.550(202)(1)(b). A handicap is defined to include a determinable physical characteristic or history of such characteristic that is "unrelated to the individual's ability to perform the duties of a particular job or position, or is unrelated to the individual's qualifications for employment or promotion." MCL 37.1103(b)(i); MSA 3.550(103)(b)(i). We infer from these provisions' specifying in duplicative fashion that a handicap must be "unrelated" to employment that the Legislature intended this in no uncertain terms.

In *Carr v General Motors Corp,* 425 Mich 313, 321-322; 389 NW2d 686 (1986), the Court stated that "the only handicaps covered by the act, for purposes of employment, are those unrelated to ability to perform the duties of the position." Since the plaintiff in *Carr* conceded that his back injury prevented him from meeting the lifting requirement of the position for which he was denied a transfer, the Court affirmed the circuit court's summary judgment on the ground that the plaintiff failed to state a cause of action under the HCRA.

Similarly, it is clear from the complaint in the instant case that plaintiff's disability prevented him from fulfilling the requirements of his job at

the time of his discharge. Hence, it cannot be said that the handicap was unrelated to employment. Plaintiff's alleged subsequent recovery from his medical disability and regained ability to perform the job does not alter this conclusion. Even if this allegation is true, defendant's reliance on plaintiff's medical condition to justify the discharge shows a sufficient relationship to employment. Whether a particular medical condition is related to employment should not depend on the correctness of the employer's evaluation of the prospects of the employee's eventual recovery. Because plaintiff failed to plead this threshold requirement, it is unnecessary for us to consider plaintiff's contention that defendant had a duty to accommodate his handicap in accordance with MCL 37.1102(2); MSA 3.550(102)(2).

### COUNT II: RETALIATORY DISCHARGE

Plaintiff also pled a count alleging that Acacia Park terminated his employment in anticipation of future claims by plaintiff for workers' compensation benefits if plaintiff were to be injured on the job. Since plaintiff does not allege any right arising from his employment contract prohibiting discharge except for just cause, plaintiff's discharge must be analyzed pursuant to those principles applicable to a contract that is terminable at will. As a general rule, a person employed pursuant to this type of contract may be discharged for any reason at all. See *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980); *Valentine v General American Credit, Inc,* 420 Mich 256, 258-259; 362 NW2d 628 (1984). An exception to this rule has been recognized for instances where the termination of employment contravenes a policy that is "so contrary to public

policy as to be actionable." *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692, 695; 316 NW2d 710 (1982). Public policy is ordinarily manifested in legislative enactments. *Id.*

The statutory provision prohibiting retaliatory discharge in MCL 418.301(11); MSA 17.237(301)(11) does not help plaintiff because it prohibits discharge or discrimination only in retaliation for *prior* claims for workers' compensation benefits. Here plaintiff premises his right of recovery on defendant's anticipation of *future* claims. Prior to the enactment of 1981 PA 200, MCL 418.301; MSA 17.237(301) did not explicitly prohibit retaliatory discharge of a workers' compensation claimant. However, this Court in cases arising prior to that time applied the public policy exception noted above to hold that retaliatory discharge was actionable for claims filed prior to discharge. *Sventko v The Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976); *Hrab v Hayes-Albion Corp,* 103 Mich App 90; 302 NW2d 606 (1981); *Goins v Ford Motor Co,* 131 Mich App 185, 192-194; 347 NW2d 184 (1983), lv den 424 Mich 879 (1986).

In *Sventko, supra,* 649-650, n 2, Judge ALLEN, one of the two members of the panel comprising the majority, stated in a concurring opinion that if the plaintiff's termination was caused by the employer's apprehension of a future claim arising from reinjury to the employee, then the plaintiff has no cause of action. This formulation of the public policy exception suggests that Count II in the instant case fails to state a claim.

In *Hrab, supra,* this Court held that an allegation that the plaintiff's discharge was either in retaliation for his filing of a workers' compensation claim or to forestall such a filing did state a claim upon which relief can be granted. This

holding is at odds with Judge ALLEN's concurrence in *Sventko.*

We hold that retaliatory discharge premised upon the employer's anticipation of a future claim does not state a legally cognizable cause of action. MCR 2.116(C)(8). We note that the judicial recognition of the public policy exception for retaliatory discharge preceded the Legislature's embodiment of that principle in statute. Since the Legislature has not chosen to articulate a public policy against discharge for future claims on the same footing as discharge for past claims, we hesitate to accomplish the same end by judicial fiat. Unlike the Court in *Hrab,* we are unable to discern any unequivocal policy supporting plaintiff's claim. Further, we note that workers' compensation law is particularly within the province of the Legislature, which has chosen to occupy this field by its enactment of a comprehensive statutory scheme. See *Rancour v The Detroit Edison Co,* 150 Mich App 276, 285-286; 388 NW2d 336 (1986), lv den 428 Mich 860 (1987). Thus, it is appropriate to defer to the Legislature's prerogative to resolve such problems. In the absence of a legislative statement, we decline to recognize Count II as stating a claim on which relief can be granted. To the extent that *Hrab, supra,* is inconsistent with our decision, we believe that *Hrab* was wrongly decided.

Accordingly, the orders of the circuit court granting summary disposition of the claims stated in plaintiff's complaint against Acacia Park and the claims stated in the third-party complaint are affirmed.

Affirmed.