BOWERMAN v MALLOY LITHOGRAPHING, INC

Docket No. 98961. Submitted March 9, 1988, at Detroit. Decided April 26, 1988.

David Bowerman worked for Malloy Lithographing, Inc., from 1960 to 1985. In 1982, he became superintendent of the third shift, working at night. Bowerman at times was told that his work was unsatisfactory, and several times he requested transfer to the day shift. He was told there were no openings on the day shift. In January, 1985, Bowerman was offered early retirement and the company requested his answer by May 15, 1985. Before Bowerman answered the retirement proposal, he suffered a heart attack, underwent surgery, and spent the next four months recuperating. Bowerman's doctor restricted Bowerman's lifting to ten pounds and told him not to work nights. In September, 1985, Bowerman discussed with the company the possibility of returning to work. His night job had been held open for him, but he was told there were no jobs available during the day. Bowerman refused to work nights and advised the company that he would accept the early retirement offer. Bowerman subsequently filed suit against Malloy Lithographing in Washtenaw Circuit Court alleging that he was forced to retire from his employment with defendant and asserted that the forced retirement constituted age discrimination and violated the Michigan Handicappers' Civil Rights Act (MHCRA). The court, Ross W. Campbell, Jr., J., granted summary disposition in favor of defendant, finding that there was no genuine issue as to any material fact, that Bowerman is not a handicapper under the MHCRA, and that defendant had not failed its duty to reasonably accommodate Bowerman. Plaintiff appealed, arguing that the court erred in holding that he had failed to state a cause of action under the MHCRA and in holding that there was no genuine issue as to any material fact and defendant was therefore entitled to judgment as a matter of law.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Job Discrimination §§ 111 et seq.

Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

1. The trial court properly granted summary disposition in favor of defendant as to plaintiff's claim under the handicappers' act. If an employee is physically incapable of fulfilling his or her job duties at the time of discharge, summary dismissal of his claim under the act is proper. Plaintiff was physically incapable of fulfilling his job duties. Therefore, his handicap is job-related and he is not handicapped within the meaning of the handicappers' act.

2. Defendant had no duty to transfer an employee from the day shift to make room for plaintiff.

Affirmed.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT DISCRIMINATION.

The Michigan Handicappers' Civil Rights Act prohibits an employer from discharging or otherwise discriminating against an employee because of a handicap that is unrelated to the employee's abilities to perform the duties of the job; an employee's claim under the act may properly be summarily dismissed where the employee was physically incapable of fulfilling the duties of the job at the time of discharge (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — DUTY OF ACCOMMODATION.

The duty of an employer to accommodate handicapped employees under the Michigan Handicappers' Civil Rights Act is limited to (1) the alteration of physical structures to allow access to the place of employment and (2) the modification of peripheral duties to allow job performance; there is no duty to transfer an employee from one work shift to another to make room for the handicapped employee (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Crippen, Urquhart, Cmejrek & Weber* (by *James R. Cmejrek*), for plaintiff.

*Plunkett & Cooney, P.C.* (by *James G. Loumos* and *Deanna E. Hazen*), for defendant.

Before: MCDONALD, P.J., and HOLBROOK, JR., and T. R. THOMAS,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Per Curiam. Plaintiff appeals by leave granted from the opinion and order of the trial court granting defendant's motion for summary disposition and dismissing plaintiff's claim under the Michigan Handicappers' Civil Rights Act (MHCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*

Plaintiff commenced working for defendant in July of 1960 as a press operator. He worked as supervisor of the press department from 1965 to 1978 and as day shift assistant supervisor from 1978 to 1982.

Defendant became dissatisfied with plaintiff's performance as assistant supervisor sometime between 1978 and 1982, and plaintiff was informed of these criticisms orally at a meeting between plaintiff and his supervisors. Eventually plaintiff's wages were frozen at $500 per week at a meeting between plaintiff and management.

In June of 1982 plaintiff was offered and accepted a position as superintendent of the third shift, from 11:00 P.M. to 7:00 A.M. Plaintiff received a raise, plus a premium for working the midnight shift. Plaintiff understood that he was an at-will employee and that he could be fired at any time for any reason. Sometime between 1982 and 1985 there occurred a meeting between plaintiff and defendant's management. Plaintiff walked out of the meeting upset because defendant told him he was not doing a good job.

Six months into the job as third shift supervisor, plaintiff complained to defendant that he did not like working the third shift. Plaintiff advised that he wasn't getting enough sleep, that it was causing him stress, and that his wife did not like him working at night.

Plaintiff requested a transfer to a day job several times, but nothing was available. Defendant informed plaintiff that work on the day shift with

a "UV coding machine" was available. Plaintiff, however, decided to stay on the third shift. Plaintiff was informed in a memo on June 19, 1984, that his performance as third shift supervisor was unsatisfactory.

On January 18, 1985, plaintiff had a meeting with his supervisors wherein plaintiff was offered early retirement in response to his continued complaints about working on the third shift. On March 21, 1985, plaintiff was informed by memo that the company was not trying to force him to retire by this offer, but that they needed an answer from him by May 15, 1985.

Before plaintiff could provide an answer to the retirement proposal, he was hospitalized and underwent a quintuple coronary bypass on May 15, 1985. Plaintiff's recuperation period was from May 15, 1985, to September 15, 1985. During this recuperation period plaintiff travelled to Germany with his wife for one month. Plaintiff's doctor had approved him for travel, but restricted his lifting to ten pounds and also told plaintiff that he could not work nights. Defendant paid plaintiff his full salary during this recuperation period, even though it was under no obligation to do so.

Plaintiff discussed the possibility of his return to work with defendant in September of 1985. Plaintiff's job on the third shift had been held open for him, but plaintiff was informed that no jobs were available during the day. He refused to even consider returning to his old job as third shift supervisor. On September 13, 1985, plaintiff advised defendant that he would accept the retirement package and take a voluntary retirement from his employment with defendant.

Plaintiff filed the instant action on January 9, 1986, alleging that he was forced to retire from his employment with defendant. Plaintiff asserted in

his complaint that this forced retirement constituted age discrimination and also violated the Michigan Handicappers' Civil Rights Act.

On January 20, 1987, the trial judge issued his opinion dismissing plaintiff's claim by summary disposition. Defendant argued at oral argument on the motion that defendant had kept plaintiff's job available to him and that plaintiff voluntarily accepted retirement rather than return to his old job. Plaintiff argued that he was unable to return to his old job as supervisor of the third shift because of his heart condition, but that defendant could have reasonably accommodated plaintiff by transferring someone to the third shift to make room for plaintiff on the day shift. Plaintiff argued that whether defendant forced him to retire was an issue of material fact.

The trial court took as true all well-pleaded facts, inferences, and affidavits favorable to plaintiff. It then held that there was no genuine issue as to any material fact, that plaintiff is not "handicapped" under the MHCRA, and that defendant had not failed its duty to reasonably accommodate plaintiff. Plaintiff's claim was therefore dismissed as a matter of law. Plaintiff's age discrimination claim had been dismissed by a ruling from the bench at oral arguments on defendant's motion for summary disposition on November 13, 1986.

In his order and opinion the trial judge dismissed plaintiff's claim without stating upon which subrule of MCR 2.116(C) he had relied. Subrules (8) and (10) were argued by the parties.

Plaintiff has not appealed the summary dismissal of his claim of age discrimination under the Elliott-Larsen Civil Rights Act.

The issues on appeal are whether the trial court erred in holding that plaintiff had failed to state a cause of action under the Michigan Handicappers'

Civil Rights Act and whether the trial court erred in holding that there existed no genuine issue as to any material fact and that defendant was therefore entitled to judgment as a matter of law. We affirm.

In our opinion the trial court properly granted summary disposition in favor of defendant under MCR 2.116(C)(10).

MCR 2.116(C)(10) states that a motion for dismissal may be granted where

> [e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law.

A motion for summary disposition on the basis that there is no genuine issue of material fact tests the factual sufficiency of the opposing party's claim. The court must give the benefit of any reasonable doubt to the party opposing the motion and grant the motion only if it is impossible for the claim to be supported at trial because of a deficiency which cannot be overcome. *Struble v Lacks Industries, Inc,* 157 Mich App 169, 172-173; 403 NW2d 71 (1986). Courts are liberal in finding that a genuine issue exists. *Adas v Ames Color-File,* 160 Mich App 297, 300; 407 NW2d 640 (1987).

Additionally, MCR 2.116(G)(4) provides that the nonmoving party may not rest upon mere allegations or denials in his pleadings but must, by affidavits or as otherwise provided in the court rule, "set forth specific facts showing that there is a genuine issue for trial." *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987). The statement of the nonmoving party's conclusions, unsupported by allegations of fact upon which they may be based, will not suffice to

establish a genuine issue of a material fact. *NuVision v Dunscombe,* 163 Mich App 674, 681; 415 NW2d 234 (1987). The test is whether the kind of record which might be developed, giving the benefit of reasonable doubt to the opposing party, would leave open an issue of fact upon which reasonable minds might differ. *Meeka v D & F Corp,* 158 Mich App 688, 691; 405 NW2d 125 (1987).

The MHCRA prohibits an employer from discharging or otherwise discriminating against an employee because of a handicap that is unrelated to the employee's abilities to perform his duties. *Wilson v Acacia Park Cemetery Ass'n,* 162 Mich App 638, 643; 413 NW2d 79 (1987). If an employee was physically incapable of fulfilling his job duties at the time of discharge, summary dismissal of his claim under the MHCRA is proper. *Carr v General Motors Corp,* 425 Mich 313, 322-323; 389 NW2d 686 (1986).

The *Carr* Court held that where a plaintiff concedes that his handicap is related to his ability to perform the duties of the employment, summary disposition in favor of the employer is proper. *Id.,* p 323. The *Carr* Court also held that interpretation of the term "reasonable accommodation" as used in the MHCRA would be precluded. *Id.,* n 6. The language of the footnote indicates that the Court would have reviewed the issue of "reasonable accommodation" if plaintiff had pleaded it:

> We note that plaintiff here has not alleged in his pleadings or to this Court that there are adaptive devices or aids which would enable this individual to perform the specific requirements of the job or that the fifty-pound weight lifting requirement is merely a pretext for discrimination against the handicapped. [*Id.,* n 6.]

The employer's duty to reasonably accommodate a handicapped employee is established by MCL 37.1202(1)(f)-(g); MSA 3.550(202)(1)(f)-(g):

> Sec. 202. (1) An employer shall not:
>
> *   *   *
>
> (f) Fail or refuse to hire, recruit, or promote an individual when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job.
>
> (g) Discharge or take other discriminatory action against an individual when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job.

Although the *Carr* Court specifically declined to define the scope of an employer's duty of "reasonable accommodation," this issue was addressed in the later case of *Rancour v Detroit Edison Co,* 150 Mich App 276; 388 NW2d 336 (1986), lv den 428 Mich 860 (1987). The duty to accommodate a handicapped employee is two-fold: alterations to the physical structure (e.g. installation of ramps, reassignment of parking spaces) and modifications to the job (e.g. reassignment of certain peripheral duties to other employees, rearrangement of equipment or fixtures in the work area). *Id.,* p 287.

In the instant case plaintiff has failed to show that there is a genuine issue as to any material fact. Plaintiff readily admits that he can no longer perform the duties of his old job as night shift supervisor because of his handicap. He further acknowledges that no employment that he could perform was available with defendant during the day. Both parties agree that defendant did not make any effort to transfer persons from the day shift to make room for plaintiff.

Therefore it is clear from the pleadings, deposi-

tions, and affidavits that plaintiff has failed to assert any specific facts concerning which there would be a genuine issue at trial. Plaintiff disputes whether or not defendant fulfilled its duty to reasonably accommodate plaintiff. Plaintiff argues that defendant could meet this requirement by transferring someone from day shift to make room for defendant. The issue is one of law (whether defendant had a *duty* to transfer a person from the day shift to make room for plaintiff), not fact (e.g. whether defendant had the ability to transfer a person to make room for plaintiff).

The question then becomes whether defendant was entitled to judgment as a matter of law. It is undisputed that plaintiff was in fact physically incapable of fulfilling his job duties. Plaintiff's handicap is therefore job-related and he is not handicapped within the meaning of the MHCRA. Under *Carr, supra,* the analysis ends there, and summary disposition in favor of defendant was proper.

Plaintiff asserts that defendant had a duty to transfer an employee from the day shift to make room for plaintiff. This is clearly beyond the scope of the duty placed on employers by *Rancour, supra.*

In conclusion, while we hold that plaintiff did in fact state a claim of discrimination under the MHCRA sufficient to preclude summary disposition under MCR 2.116(C)(8), the trial court did properly grant summary disposition in favor of defendant under MCR 2.116(C)(10). Accordingly, we affirm.

Affirmed.