JOHNSON v LANSING DAIRY COMPANY

Docket No. 103449. Submitted October 13, 1988, at Lansing. Decided
   November 15, 1988.

   In April, 1983, Jimmy Johnson suffered a back injury in an
   automobile accident which was not work-related, and as a
   result he was unable to work at his job as a gallon banker at
   Lansing Dairy Company. In March, 1984, Johnson's physician
   determined that Johnson was capable of returning to light duty
   work; however, Johnson did not return to work until January,
   1985, when he returned to his old job as a gallon banker. After
   two days of work, Johnson slipped and fell while at work,
   exacerbating his back injury. Johnson sought workers' disabil-
   ity compensation benefits. Benefits were awarded, but were
   limited to the period of from the date of the slip to April 15,
   1985, the date of a medical examination which resulted in it
   being determined that Johnson was fit to return to work.
   Lansing Dairy requested that Johnson either return to work as
   a gallon banker or petition for preferential consideration for
   another position in accordance with the provision of the collec-
   tive bargaining agreement under which Johnson was employed.
   Johnson did neither. Johnson thereafter brought an action in
   Ingham Circuit Court against Lansing Dairy, claiming that
   defendant had breached the duties it owed to plaintiff pursuant
   to the Handicappers' Civil Rights Act. Defendant moved for
   summary disposition on the bases that, since plaintiff's disabil-
   ity was related to his ability to perform his job, it was not a
   handicap within the meaning of the Handicappers' Civil Rights
   Act and that plaintiff's claim was barred by the exclusive
   remedy provision of the Workers' Disability Compensation Act.
   The trial court, Peter D. Houk, J., granted defendant's motion,
   holding that plaintiff was not handicapped within the meaning
   of the Handicappers' Civil Rights Act. Plaintiff appealed, argu-
   ing that there existed an unresolved material question of fact

REFERENCES
Am Jur 2d, Job Discrimination §§ 2135, 2151, 2292, 2342, 2344.
Construction and effect of state legislation forbidding job discrimi-
   nation on account of physical handicap. 90 ALR3d 393.

as to whether plaintiff was handicapped within the meaning of that act.

The Court of Appeals *held:*

The supporting documentary evidence and affidavits filed by defendant with its motion clearly demonstrate that plaintiff's disability affected his ability to handle his job. Since that evidence stood unrefuted by anything other than plaintiff's bare assertion that the disability did not affect his ability to do his work, the trial court properly concluded that there was no genuine question of disputed fact on that issue. Since a claim of employment discrimination under the Handicappers' Civil Rights Act requires that the disability be one not affecting the ability to do a job, summary disposition was proper.

Affirmed.

CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT DISCRIMINATION — SUMMARY DISPOSITION.

Summary disposition is properly granted on an employment discrimination claim brought under the Handicappers' Civil Rights Act where the employer in support of its motion for summary disposition supplies documentary evidence that the handicap affected plaintiff's ability to work and the plaintiff failed to supply any evidence that his handicap did not affect his ability to work, since under such circumstances there was not a genuine issue of material fact existing with respect to whether the plaintiff was handicapped within the meaning of the Handicappers' Civil Rights Act (MCL 37.1202; MSA 3.550[202]).

*Sablich & Associates, P.C.* (by *Joseph F. Sablich*), for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Howard L. Shifman* and *Janice A. Kyko*), for defendant.

Before: BEASLEY, P.J., and GILLIS and W. G. SCHMA,* JJ.

PER CURIAM. On October 10, 1986, plaintiff, Jimmy Johnson, filed suit against defendant, Lansing Dairy Company. Plaintiff's complaint alleged that defendant had improperly discriminated

---

* Circuit judge, sitting on the Court of Appeals by assignment.

against him, in violation of the Michigan Handi-
cappers' Civil Rights Act.[1] On September 9, 1987,
the trial court granted defendant's motion for
summary disposition pursuant to MCR 2.116(C)(10)
upon a finding that, as plaintiff was not "handi-
capped" under the meaning of the act, there was
no genuine issue as to any material fact and
defendant was entitled to judgment as a matter of
law. Plaintiff appeals from the order of summary
disposition.

Plaintiff was employed at a plant operated by
defendant as a "gallon banker." His job entailed
forcibly dragging milk cases weighing up to 225
pounds from the cooler for a distance of approxi-
mately twenty feet. In April, 1983, plaintiff was
involved in an automobile accident which was not
work-related and in which he suffered a back
injury. On March 1, 1984, plaintiff's physician
determined that he was capable of returning to
work "with a light duty restriction." However,
plaintiff did not return to work, apparently be-
cause defendant had no job openings in which a
"light duty restriction" could be accommodated.
Pursuant to the terms of the company-union con-
tract, plaintiff then petitioned defendant for pref-
erential consideration "because of medical and
physical limitations" so as to get priority for any
such job openings that should arise.

On January 22, 1985, an independent physician
determined that plaintiff's injury had healed suffi-
ciently to allow him to return to his job on a trial
basis. On January 30, plaintiff resumed work as a
gallon banker. But, two days later, on February 1,
plaintiff slipped and fell in the cooler. The fall
exacerbated his back trouble, and plaintiff left his
job.

Plaintiff filed a claim for workers' compensation

---

[1] MCL 37.1101 et seq.; MSA 3.550(101) et seq.

benefits based on the slip and fall of February 1, 1985. The order of the hearing officer who ruled on plaintiff's claim stated that "[i]t is essentially plaintiff's claim that he has been disabled for unrestricted work activity as the direct result of the work related February 1, 1985 injury." Because the results of medical examinations of plaintiff in April of 1985 seemed to reveal that he was capable of returning to work, plaintiff was awarded benefits only for the period of February 2, 1985, to April 15, 1985. Plaintiff has, apparently, appealed that determination.

In view of the April, 1985, medical release, defendant requested that plaintiff either return to work as a gallon banker or petition for preferential consideration for other positions. Apparently, plaintiff did neither.[2]

On October 10, 1986, plaintiff filed this action against defendant under HCRA, alleging breach of statutory duties. Defendant moved for summary disposition under MCR 2.116 (C)(10) on two grounds: (1) plaintiff's disability was related to his ability to perform his job and, thus, was not a "handicap" under HCRA; and (2) plaintiff's claim was barred by the exclusive remedy provision of the Workers' Disability Compensation Act. The trial court granted defendant's motion on the former ground.

On appeal, plaintiff argues that the trial court erred in granting summary disposition. Plaintiff argues that a genuine issue of material fact exists, namely, whether his disability was related to his ability to work for defendant. We disagree.

MCL 37.1103(b); MSA 3.550(103)(b) defines a "handicap" under HCRA as follows:

---

[2] In June or July of 1987, he finally returned to work as a gallon banker.

"Handicap" means a determinable physical or mental characteristic of an individual or a history of the characteristic which may result from disease, injury, congenital condition of birth, or functional disorder which characteristic:

(i) [in the context of employment], is *unrelated to the individual's ability to perform the duties of a particular job or position,* or is unrelated to the individual's qualifications for employment or promotion. [Emphasis added.]

The legislative intent behind the act was that it cover and protect only those persons whose disabilities are unrelated to their ability to do a given job.[3] Thus, the special duties imposed on employers under the act[4] only arise as to employees whose disabilities are unrelated to their ability to per-

---

[3] *Carr v General Motors Corp,* 425 Mich 313; 389 NW2d 686 (1986), reh den 426 Mich 1231 (1986).

[4] MCL 37.1202; MSA 3.550(202) provides:

(1) An employer shall not:

(a) Fail or refuse to hire, recruit, or promote an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position.

(b) Discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position.

(c) Limit, segregate, or classify an employee or applicant for employment in a way which deprives or tends to deprive an individual of employment opportunities or otherwise adversely affects the status of an employee because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position.

(d) Fail or refuse to hire, recruit, or promote an individual on the basis of physical or mental examinations that are not directly related to the requirements of the specific job.

(e) Discharge or take other discriminatory action against an individual on the basis of physical or mental examinations that are not directly related to the requirements of the specific job.

(f) Fail or refuse to hire, recruit, or promote an individual when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job.

form their jobs.[5] Where it is undisputed that a plaintiff's disability is related to his ability to perform the duties of his employment, summary disposition of his HCRA claim is proper.[6]

In the within case, in view of the motion practice requirements set forth in the Michigan Court Rules, it was, on the hearing of defendant's motion, effectively undisputed that plaintiff's disability was related to his ability to perform the job of gallon banker. Defendant based its motion on MCR 2.116(C)(10):

> Except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law.

In ruling on such a motion, the trial court must give the benefit of all reasonable doubt to the party opposing the motion in determining whether a genuine issue of material fact exists and grant the motion only if satisfied that it is impossible for the claim to be supported at trial due to an insurmountable deficiency.[7] When making such a motion, the moving party must submit some sort of documentary evidence in support of the grounds it

(g) Discharge or take other discriminatory action against an individual when adaptive devices or aids may be utilized thereby enabling that individual to perform the specific requirements of the job.

(2) This section shall not apply to the employment of an individual by his parent, spouse, or child.

[5] *Carr, supra; Bowerman v Malloy Lithographing, Inc,* 171 Mich App 110; 430 NW2d 742 (1988).

[6] *Carr, supra,* p 323; *Bowerman, supra,* pp 117-118.

[7] *Metro Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988); *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987), lv den 429 Mich 881 (1987).

asserts.[8] The party opposing the motion then carries the burden of showing that a genuine issue of disputed facts exists.[9] In making that showing, the nonmoving party may not rest upon the allegations or denials of his pleading, rather, he must, by affidavit or other documentary evidence, set forth specific facts showing that a genuine issue for trial exists.[10] If the nonmoving party fails to make such a showing, summary disposition is proper.[11]

In the within case, defendant supported its motion with documentary evidence, including an affidavit by counsel and various writings and documents from plaintiff's employment records, as well as documents regarding plaintiff's workers' compensation claim. This documentary evidence indicated that plaintiff's back injury imposed restrictions on his ability to work and, specifically, affected his ability to work as a gallon banker. Plaintiff's response was not supported by any documentary evidence to show the contrary.[12] Plaintiff thus has failed to carry his burden of showing that there is a genuine issue regarding his injury being (un)related to his ability to do his job. Summary disposition was, therefore, appropriate.

Finally, in view of our holding that the trial court properly granted defendant's motion for

---

[8] MCR 2.116(G)(3)(b).

[9] *Metro Life Ins, supra,* p 118; *Morganroth v Whitall,* 161 Mich App 785, 789; 411 NW2d 859 (1987).

[10] MCR 2.116(G)(4).

[11] *Metro Life Ins, supra,* pp 118-119.

[12] Plaintiff filed no written response to defendant's motion prior to the hearing. The transcript of the hearing indicates that plaintiff's counsel, there, handed the trial judge a "very short" written response to the motion. However, that item was never filed with the trial court nor appended to either party's appellate brief and, thus, is not included in the record we now have before us. Plaintiff does not assert the presence of documentary attachments to his response, and we will not presume their existence.

summary disposition on grounds that plaintiff was not "handicapped" within the meaning of HCRA, we need not address defendant's argument regarding the exclusivity of the Workers' Disability Compensation Act.

Affirmed.