## RYMAR v MICHIGAN BELL TELEPHONE COMPANY

Docket No. 120278. Submitted February 21, 1991, at Detroit. Decided August 5, 1991, at 9:25 A.M. Leave to appeal sought.

Patricia Rymar brought an action in the Wayne Circuit Court against Michigan Bell Telephone Company, her former employer, alleging that Bell, in terminating her employment because of an emotional disorder, violated the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The court, John H. Gillis, Jr., J., denied summary disposition for Bell, which had argued that the plaintiff's disorder was not a handicap under the act because it was related to her ability to perform her job. Bell appealed by leave granted.

The Court of Appeals *held:*

The trial court did not err in denying the motion for summary disposition.

1. A person with a temporary disability that can be remedied within a reasonable time so as to enable that person to perform the duties of a particular job has a handicap for purposes of the Handicappers' Civil Rights Act, which prohibits employment discrimination on the basis of an employee's handicap.

2. In this case, there remains a question whether, within a reasonable time, the plaintiff's disorder would cease to adversely affect her capacity to perform her job.

Affirmed.

REILLY, P.J., dissenting, stated that this case is indistinguishable from *Ashworth v Jefferson Screw Products, Inc,* 176 Mich App 737 (1989), where it was held that the Handicappers' Civil Rights Act covers only those whose disabilities are unrelated to their abilities to perform their jobs. She would reverse the trial court's denial of summary disposition.

CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — TEMPORARY DISABILITIES — EMPLOYMENT DISCRIMINATION.

A person who is unable to perform the duties of a particular

REFERENCES
Am Jur 2d, Job Discrimination §§ 124, 125.
See the Index to Annotations under Disablied Persons; Emotional Injury.

position because of a temporary disability that can be remedied within a reasonable time so as to enable that person to perform those duties has a handicap for which that person may seek the protections against employment discrimination provided by the Handicappers' Civil Rights Act (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Dib & Fagan, P.C.* (by *Barry S. Fagan*), for the plaintiff.

*Albert Calille* and *Laura Demetry White,* for the defendant.

Before: REILLY, P.J., and SHEPHERD and MARILYN KELLY, JJ.

MARILYN KELLY, J. This is an employment discrimination claim filed under the Michigan Handicappers' Civil Rights Act (MHCRA). MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The trial court denied defendant's motion for summary disposition. MCR 2.116(C)(8). Defendant appeals the decision by leave granted. We affirm.

On March 8, 1988, plaintiff took a two-month leave of absence to care for her terminally ill mother. Her mother died on March 20. Plaintiff· then sought and defendant granted her a medical leave which extended through May 31, 1988. Plaintiff was unable to return to work on May 31 and requested an extension. Defendant informed her that she must return by July 1, 1988, or it could not guarantee reemployment. Plaintiff was again unable to work. She submitted a letter from her physician stating, however, that she would be able to return on August 1 at the earliest. Defendant terminated plaintiff's employment on June 30, 1988.

On August 8, 1988, plaintiff filed a claim for workers' compensation. She listed her disability as an ongoing emotional disorder. On August 28, she

filed this employment discrimination suit. She later withdrew her claim for workers' compensation.

On appeal, defendant argues that the trial court erred in denying its motion for summary disposition. Defendant maintains that there is no question that, on the date of termination, plaintiff's disability was related to her ability to perform her job. Therefore, her disability was not a "handicap" under the MHCRA. *Carr v General Motors Corp,* 425 Mich 313; 389 NW2d 686 (1986). Alternatively, defendant claims that at the time of termination plaintiff was not in a "mentally ill restored" condition. Thus, she did not fall within the disability categories described in the MHCRA.

The MHCRA covers only those whose disabilities are unrelated to their capacity to perform their jobs. The handicapped person seeking employment must be capable of performing the duties of the position. A disability that is related to one's ability to perform the duties of a particular position is not a "handicap" within the meaning of the act. *Carr,* 315-316, 321-322.

There is no question that, on the date of termination, plaintiff was unable to perform her job because of her disability. Michigan case law has consistently used the date of termination as the relevant point to assess the status of a disability. *Ashworth v Jefferson Screw Products, Inc,* 176 Mich App 737; 440 NW2d 101 (1989); *Bowerman v Malloy Lithographing, Inc,* 171 Mich App 110, 116; 430 NW2d 742 (1988); *Doman v Grosse Pointe Farms,* 170 Mich App 536, 542; 428 NW2d 708 (1988); *Wilson v Acacia Park,* 162 Mich App 638, 643-644; 413 NW2d 79 (1987).

However, we are not persuaded that the date of termination is the obligatory focal point in every case. We agree with Judge SHEPHERD's reasoning

in his dissent in *Ashworth.* A mandatory fixation on the date of termination ignores the factor of time. *Ashworth,* 746. That factor was not relevant in the *Carr* case, where the plaintiff was permanently, not temporarily, disabled. Moreover, it is notable that the Supreme Court in *Carr* quotes the following segment from the 1976 Journal of the Senate 590:

> [I]f a handicapped person seeking employment meets the qualifications of the job and can attain the performance levels required *within a reasonable* time, he must, by law be given the same opportunity as other applicants to secure the position. [*Carr,* 319. Emphasis added.]

A representation was made in this case that defendant denied plaintiff the same leave time as other employees. An employer must give its employee a reasonable time to heal, under like conditions as other employees, so long as the delay does not impede getting the employer's work done. *Ashworth,* 747-749.

In this case, on the date of termination, plaintiff's disability was related to her ability to do her job. Her condition was not "mentally ill restored." However, there remains unanswered a question whether, within a reasonable time, her disability would cease to adversely affect her capacity to do the work, putting her in a restored condition.

Plaintiff's MHCRA claim is not so clearly unenforceable as a matter of law that no factual development could justify a right of recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988). The trial court did not err in denying the motion for summary disposition as to the handicappers' civil rights claim.

Affirmed.

Shepherd, J., concurred.

Reilly, P.J. *(dissenting)*. The facts of this case are not distinguishable from the facts in *Ashworth v Jefferson Screw Products, Inc,* 176 Mich App 737; 440 NW2d 101 (1989). I concur with the majority opinion in that case, and would reverse in this case.