LAMORIA v HEALTH CARE & RETIREMENT CORPORATION

Docket No. 199795. Submitted October 15, 1998, at Lansing. Decided January 29, 1999, at 9:10 A.M.

Barbara A. Lamoria brought an action in the Saginaw Circuit Court against Health Care & Retirement Corporation and others, seeking damages for her alleged wrongful discharge from her employment as a registered nurse at a retirement home owned by the corporate defendant. Among the theories of recovery pleaded by the plaintiff were violation of the state Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, violation of the state Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, and retaliation for the plaintiff's seeking worker's compensation benefits. The plaintiff had injured her knee in the course of her employment and was discharged from her employment eleven months after her injury while she was still on an extended medical leave related to the knee injury, allegedly on the basis of an employment policy providing that medical leaves of absence were not to exceed six months. The plaintiff alleged that the defendant's' failure to extend her medical leave violated the provisions of the HCRA because by such failure the defendant failed to make reasonable accommodation for the handicap that she suffered as a result of her injured knee. The court, Leopold P. Borrello, J., granted summary disposition for the defendants with respect to all of the plaintiff's claims, finding that the plaintiff did not have a valid claim under the HCRA because the alleged handicap was related to the plaintiff's ability to do her job and that the defendants were not required to give the plaintiff more time to heal. The plaintiff appealed. The Court of Appeals, O'CONNELL and WHITBECK, JJ. (FITZGERALD, P.J., concurring), in an opinion released July 10, 1998, reversed the trial court's grant of summary disposition with respect to the claims alleging violation of the Civil Rights Act and retaliation for filing a worker's compensation claim on the basis that there were contested issues of material fact and reversed with respect to the HCRA claim on the basis that it was required by MCR 7.215(H) to follow the holding in *Rymar v Michigan Bell Telephone Co*, 190 Mich App 504 (1991), although the majority opinion expressed disagreement with the holding in *Rymar*. 230 Mich App 801, 812-817 (1998). By its order of July 24, 1998, the Court of

Appeals vacated the July 10 opinion and convened a special panel pursuant to MCR 7.215(H) to resolve the conflict between the position taken by the panel in the *Lamoria* opinion and the position taken by the panel in the *Rymar* opinion. 230 Mich App 801 (1998).

After consideration by the conflict resolution panel, the Court of Appeals *held*:

The majority opinion in *Lamoria* properly concluded that the HCRA does not require that an employer allow a disabled employee a reasonable time to heal before applying the provision in the HCRA that limits its application to handicaps that are unrelated to an employee's ability to perform the duties of a particular job or position. Accordingly, the trial court's grant of summary disposition for the defendants with respect to the plaintiff's HCRA claim must be affirmed. In all other respects, the opinion of the prior *Lamoria* panel is adopted.

Affirmed in part and reversed in part.

CAVANAGH, J., concurring, stated that the "reasonable time to heal" doctrine is too vague to give either employers or employees any meaningful guidance.

CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — TEMPORARY DISABILITIES — EMPLOYMENT DISCRIMINATION.

A person who is unable to perform the duties of a particular position because of a temporary disability, even if that disability could be remedied within a reasonable period so that the person would be able to perform those duties, does not have a handicap for which that person may seek the protections against employment discrimination provided by the Handicappers' Civil Rights Act (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Howard & Howard Attorneys, P.C.* (by *Michael J. Brown*), for the plaintiff.

*Kienbaum Opperwall Hardy & Pelton, P.L.C.* (by *Eric J. Pelton* and *Noel D. Massie*), for the defendants.

Amicus Curiae:

*Clark Hill P.L.C.* (by *Duane L. Tarnacki* and *J. Walker Henry*), for Michigan Manufacturers Association.

Before:   CORRIGAN,   C.J.,   and   KELLY,   GRIBBS,
MCDONALD, DOCTOROFF, CAVANAGH, and MARKEY, JJ.

PER CURIAM. This Court convened this special panel
under MCR 7.215(H)(3) to resolve the conflict
between the prior vacated opinion in this case,
*Lamoria v Health Care & Retirement Corp*, 230 Mich
App 801; 584 NW2d 589 (1998), and *Rymar v Michi-
gan Bell Telephone Co*, 190 Mich App 504; 476 NW2d
451 (1991), regarding the "reasonable time to heal"
doctrine under the Handicappers' Civil Rights Act
(HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*

> The original *Lamoria* panel, in compliance with
> MCR 7.215(H)(1), followed this Court's holding in
> *Rymar* that an employee who on the date of his
> discharge is unable to perform the requirements
> of his job because of a disability may still have a
> claim under the HCRA if he would have regained
> the capacity to do the work within a reasonable
> time. If not for the precedential effect of *Rymar*,
> the *Lamoria* majority[1] would have affirmed the
> trial court's grant of summary disposition for
> defendants regarding plaintiff's HCRA claim. We
> agree with the *Lamoria* majority and hold for the
> reasons it expressed that the HCRA does not
> require that an employer allow a disabled
> employee a reasonable time to heal. We therefore
> affirm the trial court's grant of summary disposi-
> tion regarding plaintiff's HCRA claim. In all other
> respects, we adopt the opinion of the prior
> *Lamoria* panel as our own.

---

[1] Judge FITZGERALD concurred, but wrote separately to express his belief
that *Rymar* was correctly decided.

Affirmed in part and reversed in part. Plaintiff, as the prevailing party, may tax costs under MCR 7.219.

CAVANAGH, J. (*concurring*). I concur in the result reached by the majority. Even assuming that a temporary disability constitutes a handicap within the meaning of the Handicappers' Civil Rights Act, MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, I believe that the "reasonable time to heal" doctrine is too vague to give either employers or employees any meaningful guidance in making decisions in situations such as that presented in the instant case.