617 N.W.2d 316 (2000)
463 Mich. 886
Emil KRYVICKY, Plaintiff-Appellant,
v.
CITY OF HAMTRAMCK, Defendant-Appellee.
Docket No. 115048, COA No. 218708.
Supreme Court of Michigan.
October 6, 2000.
On order of the Court, the application for leave to appeal from the January 31, 2000 decision of the Court of Appeals was held in abeyance pending the decision in Lincoln v. General Motors Corporation (Docket No. 113063). On order of the Court, the decision having been issued on March 8, 2000, 461 Mich. 483, 607 N.W.2d 73 (2000), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
I would remand this case to the Court of Appeals for consideration as on leave granted. A remand would provide a basis for clarifying the retroactive reach of M.C.L. § 418.357; MSA 17.237(357), and resolve factual discrepancies key to the proper disposition of plaintiff's claim.
Plaintiff saw his benefits reduced under the provision of the Worker's Disability Compensation Act (WDCA) that allows an employer to shrink payments to a disabled, former employee at age sixty-five. There is evidence to support a finding that Mr. Kryvicky, a former police officer, suffered work-related heart attacks before the provision, § 357, became effective. If so, the decision to apply it to plaintiff was erroneous and should be corrected.
We held this case in abeyance for Lincoln v. General Motors Corp.,[1] where we affirmed the Court of Appeals decision for the reasons contained in Judge WHITBECK's concurring opinion. Judge WHITBECK observed that, underWelch v. Westran Corp.,[2] the age sixty-five reduction applies to workers injured after September 1, 1965, but before July 1, 1968.[3] TheLincoln decision directly applies to this case because of the similarity in the discrepancy over the actual date of injury.
If Mr. Kryvicky's injury occurred before September 1, 1965, this Court's apparent endorsement of Welch prevents § 357 from reducing his benefits. Hence, it is not at all clear that § 357 applies here, and a denial of leave is inappropriate.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.
NOTES
[1] 461 Mich. 483, 607 N.W.2d 73 (2000).
[2] 45 Mich.App. 1, 205 N.W.2d 828 (1973).
[3] 231 Mich.App. 262, 285, 586 N.W.2d 241 (1998).