617 N.W.2d 316 (2000)
463 Mich. 887
Sherrell FRANKLIN, Plaintiff-Appellant,
v.
BLUE CROSS/BLUE SHIELD OF MICHIGAN, Defendant-Appellee.
Docket No. 116135, COA No. 207158.
Supreme Court of Michigan.
October 6, 2000.
On order of the Court, the application for leave to appeal from the September 28, 1999, decision of the Court of Appeals is considered, and it is DENIED because we *317 are not persuaded that the questions presented should be reviewed by this Court.
TAYLOR, J., concurs and states as follows:
In Lamoria v. Health Care & Retirement Corp., 233 Mich.App. 560, 593 N.W.2d 699 (1999), a special panel of the Court of Appeals resolved the conflict between Lamoria v. Health Care & Retirement Corp., 230 Mich.App. 801, 584 N.W.2d 589 (1998), and Rymar v. Michigan Bell Telephone Co., 190 Mich.App. 504, 476 N.W.2d 451 (1991). The special panel adopted the opinion of the original Lamoria panel and held that "the HCRA does not require that an employer allow a disabled employee a reasonable time to heal." 233 Mich.App. at 562, 593 N.W.2d 699.
"`[T]he general rule is that judicial decisions are to be given complete retroactive effect.... [C]omplete prospective application has generally been limited to decisions which overrule clear and uncontradicted case law.'" MEEMIC v. Morris, 460 Mich. 180, 189, 596 N.W.2d 142 (1999), quoting Hyde v. Univ. of Michigan Bd. of Regents, 426 Mich. 223, 240, 393 N.W.2d 847 (1986). Here, the original Lamoria panel's discussion of the HCRA claim, 230 Mich.App. at 812-817, 584 N.W.2d 589, demonstrates that the contrary holding in Rymar was not clear and uncontradicted case law. Thus, the special panel did not overrule clear and uncontradicted law when it rejected Rymar and adopted the original Lamoria panel's opinion. Accordingly, there is no reason to apply the special panel's Lamoria decision prospectively only.
MARILYN J. KELLY, J., dissents and states as follows:
I would grant leave to consider whether the Michigan persons with disabilities act (MPWDA)[1] requires that an employer accommodate injured employees with a reasonable time to heal after surgery.

I
Our Court of Appeals, in Rymar v. Michigan Bell,[2] held that the MPWDA requires an employer to give employees a reasonable time to heal, "so long as the delay does not impede getting the employer's work done." Later, another panel addressed the issue in Lamoria v. Health Care & Retirement Corp.[3] The Lamoria panel acknowledged Rymar's holding, but noted that, if writing on a clean slate, it would have held the opposite.
A special conflict panel was convened and that panel favored Lamoria's holding over Rymar's. Lamoria v. Health Care & Retirement Corp., 230 Mich.App. 801, 584 N.W.2d 589 (1998). It adopted the reasons provided by the original Lamoria panel, published in the order convening the special conflict panel. Id. at 812-817, 584 N.W.2d 589.
Lamoria held that employers do not have to allow a reasonable time to heal and made no analysis about whether such an accommodation would impose an undue hardship.

II
The plaintiff in this case received a favorable jury verdict in 1997. Lamoria was decided in 1998, while defendant's application for leave to appeal was pending.
Plaintiff argues that Lamoria should be applied prospectively, only. Prospective application is limited to decisions that overrule clear and uncontradicted case law. Tebo v. Havlik, 418 Mich. 350, 360-361, 343 N.W.2d 181 (1984). Until Lamoria, Rymar was clear and uncontradicted case law. Plaintiff urges that nothing in *318 the MPWDA itself put potential litigants on notice that Rymar was incorrectly decided.
It is true that the original Lamoria panel felt compelled to follow Rymar and that plaintiff justifiably relied on its precedential value. "A decision by any panel of the Court of Appeals is ... controlling statewide until contradicted by another panel of the Court of Appeals or reversed or overruled by this Court." Tebo v. Havlik, supra at 362, 343 N.W.2d 181.
Therefore, I would grant leave to determine whether Lamoria applies to this case. I would also consider whether the MPWDA requires an employer to give an injured employee a reasonable time to heal after surgery.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.
NOTES
[1] MCL 37.1101 et seq.; MSA 3.550(101) et seq.
[2] 190 Mich.App. 504, 507, 476 N.W.2d 451 (1991).
[3] Unpublished opinion per curiam of the Court of Appeals, issued 7/10/98 (Docket No. 199795).