TRANKER v FIGGIE INTERNATIONAL, INC (ON REMAND)

Docket No. 210656. Submitted April 3, 1998, at Lansing. Decided August 11, 1998, at 9:05 A.M. Leave to appeal sought.

Paul and Denise Tranker brought an action in the Van Buren Circuit Court against Figgie International, Inc., alleging that the defendant violated the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, and an employment contract with Paul Tranker when it terminated his employment. The court, William C. Buhl, J., granted summary disposition for the defendant, finding that the doctrine of judicial estoppel defeated the HCRA claim and that the defendant did not violate the employment contract. The plaintiffs appealed. The Court of Appeals affirmed, finding the employment contract allowed termination at will and not for just cause only. The Court also agreed that the doctrine of judicial estoppel applied and that, because Paul Tranker had successfully represented himself as being totally disabled to the Social Security Administration for purposes of receiving social security benefits, he could not be considered handicapped for purposes of his subsequent HCRA claim. 221 Mich App 7 (1997). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for reconsideration in light of several federal decisions that hold that the receipt of social security disability benefits does not bar a claim for discrimination under the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.* 456 Mich 931 (1998).

On remand, the Court of Appeals *held*:

1. The prior ruling in this matter that judicial estoppel bars a subsequent HCRA claim must be vacated. The receipt of social security disability benefits does not bar a subsequent claim under the HCRA because the two acts are designed for different purposes and utilize different standards. Because the focus of the two acts is different, positions taken before the Social Security Administration are not necessarily contrary to positions taken under the HCRA. Judicial estoppel operates only where the positions taken by a party are wholly inconsistent.

2. Although judicial estoppel does not automatically bar a disability benefit recipient's HCRA claim, statements made by a person in

applying for disability benefits may weigh against the person in a subsequent HCRA claim.

3. The prior ruling in this matter that Paul Tranker was not handicapped within the meaning of the HCRA because his disabilities were related to his ability to perform his job duties in the available maintenance position must be affirmed. Paul Tranker admitted he could not perform the acts required for the position and did not allege that he could perform them with reasonable accommodations.

4. The defendant had no duty to accommodate Paul Tranker by recreating for him his former position that had been eliminated or placing him in a job other than the available maintenance job.

5. The order granting summary disposition for the defendant with regard to the HCRA and breach of contract claims must be affirmed.

Affirmed.

1. ESTOPPEL — JUDICIAL ESTOPPEL — HANDICAPPERS' CIVIL RIGHTS ACT — SOCIAL SECURITY.

   Judicial estoppel operates only where the positions taken by a party are wholly inconsistent; it is not inconsistent that a person could be disabled under the Social Security Act and be receiving social security disability benefits and still be qualified to perform the duties of the job or a job the person is seeking with reasonable accommodations for purposes of a claim under the Michigan Handicappers' Civil Rights Act; the receipt of social security disability benefits does not automatically preclude a subsequent handicap discrimination claim because the two acts are designed for different purposes and utilize different standards and definitions; because the focus of the two acts is different, positions taken before the Social Security Administration are not necessarily contrary to positions taken under the HCRA (42 USC 301 et seq.; MCL 37.1101 et seq.; MSA 3.550[101] et seq.).

2. ESTOPPEL — JUDICIAL ESTOPPEL — HANDICAPPERS' CIVIL RIGHTS ACT — SOCIAL SECURITY.

   Statements made by a person in a prior application for social security disability benefits may weigh against the person in a subsequent claim under the Michigan Handicappers' Civil Rights Act although judicial estoppel does not automatically bar a disability recipient's handicap discrimination claim (42 USC 301 et seq.; MCL 37.1101 et seq.; MSA 3.550[101] et seq.).

3. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — DUTY OF ACCOMMODATION.

An employer's duty under the Michigan Handicappers' Civil Rights Act to accommodate a handicapped employee does not extend to placing the employee in a new job or transferring the employee to other positions (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

4. Civil Rights — Handicappers' Civil Rights Act — Words and Phrases — Handicap.

A condition related to an individual's ability to perform the duties of a job is not a handicap within the meaning of the Michigan Handicappers' Civil Rights Act (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Plaszczak & Bauhof, P.C.* (by *James F. Bauhof*), for the plaintiffs.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Ronald E. Baylor* and *Scott R. Sikkenga*), for the defendant.

ON REMAND

Before: Hood, P.J., and Neff and Gage, JJ.

Per Curiam. This case is before us on remand from the Supreme Court, 456 Mich 931 (1998), for reconsideration in light of several federal decisions that hold that the receipt of social security disability benefits does not bar a claim for discrimination under the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.* On remand, we agree that receipt of social security disability benefits does not automatically preclude a subsequent handicap discrimination claim. However, on the basis of the facts of this case, we nevertheless affirm the trial court's order granting summary disposition for defendant with regard to plaintiff[1] Paul Tranker's handicap discrimination claim.[2]

---

[1] The term plaintiff in this opinion refers only to Paul Tranker.

[2] Our decision to affirm the trial court's grant of summary disposition regarding plaintiff's breach of contract claim remains unchanged and is

The facts of this case were set forth in detail in our prior opinion, *Tranker v Figgie Int'l, Inc*, 221 Mich App 7; 561 NW2d 397 (1997), and will not be reiterated here. Since our previous ruling, several decisions clarifying the issue before this Court have been issued. *Swanks v Washington Metropolitan Area Transit Authority*, 325 US App DC 238; 116 F3d 582 (1997), *Whitbeck v Vital Signs, Inc*, 325 US App DC 244; 116 F3d 588 (1997), *Blanton v Inco Alloys Int'l, Inc*, 123 F3d 916 (CA 6, 1977), and *Griffith v Wal-Mart Stores, Inc*, 135 F3d 376 (CA 6, 1998). Although set forth in the context of the ADA, these cases provide insight into the issue whether judicial estoppel should operate to bar a handicap discrimination claim where the plaintiff is currently receiving social security disability benefits.

In *Swanks*, the court specifically addressed the issue of the effect of Social Security Administration disability determinations on ADA claims. It observed that the ADA was enacted to protect against discrimination in employment, including hiring, firing, and advancement. *Swanks, supra* at 240. The protection afforded by the ADA extends to disabled individuals who can perform the essential functions of the employment position that they hold or desire with or without reasonable accommodation. *Id.* The court then ruled that the receipt of social security disability benefits does not automatically bar an ADA claim because the standards utilized to determine disability under the Social Security Act (SSA), 42 USC 301 *et seq.*, do not take into account whether the disabled

---

not the subject of this review on remand. There was no evidence that plaintiff enjoyed a termination for just cause only employment relationship with defendant.

individual could work with reasonable accommodations, the critical ADA issue. *Id.* at 242. In other words, the criteria for determining whether one is disabled under the SSA and under the ADA are different. See also *Whitbeck, supra* at 247, wherein the court followed *Swanks* and also indicated that the receipt of private disability benefits is similarly not an automatic bar to a subsequent handicapper claim. In *Swanks*, the Social Security Administration and the Equal Employment Opportunity Commission agreed that the receipt of social security benefits should not automatically bar ADA claims because the acts have different purposes and have no direct application to one another.

> The contrary view—that Social Security disability benefits preclude ADA relief—would force disabled individuals into an "untenable" choice between receiving immediate subsistence benefits under the Social Security Act or pursuing discrimination remedies. Forcing such a choice would undermine the pro-employment and anti-discrimination purposes of the two statutes. . . . Claimants choosing benefits would sacrifice an opportunity for reinstatement while simultaneously shielding their employers from liability for allegedly unlawful discrimination. Individuals choosing instead to seek ADA relief would, by doing so, forego their entitlement to Social Security disability benefits. Nothing in either statute requires disabled individuals to make this choice. [*Swanks, supra* at 242 (citations omitted).]

The *Swanks* court pointed out that of the federal appellate circuits only the Third Circuit Court of Appeals has reached a contrary conclusion and held that the doctrine of judicial estoppel bars an ADA claim where an individual is receiving social security benefits after claiming to be disabled. *Id.* at 243, cit-

ing *McNemar v Disney Store, Inc*, 91 F3d 610 (CA 3, 1996).[3]

In *Blanton, supra* at 917, the Sixth Circuit Court of Appeals adopted the *Swanks* opinion and held that the receipt of disability benefits does not preclude a subsequent ADA action. It specifically rejected the theory that the doctrine of judicial estoppel would bar such a claim. *Id.* In *Griffith, supra* at 380-382, it more fully addressed why the doctrine of judicial estoppel should not bar a subsequent handicap claim:

> The doctrine of judicial estoppel "forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'" Courts apply judicial estoppel in order to "preserve[] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposing to suit an exigency of the moment." The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court.
>
> *        *        *
>
> [S]tatements made in an application for Social Security disability benefits, while relevant, do not result in judicial estoppel.
>
> First, judicial estoppel does not apply because the answers given in a Social Security disability benefit application are not necessarily inconsistent with a plaintiff's claim that he could have worked at his job, during the relevant period, with a reasonable accommodation. The precise question of whether the applicant could have worked with a reasonable accommodation during the relevant period is

---

[3] The Eighth Circuit Court of Appeals specifically declined to decide this issue in *Dush v Appleton Electric Co*, 124 F3d 957 (CA 8, 1997).

not asked in a Social Security context because, as discussed above, it would not necessarily bar receipt of those benefits.

Furthermore, the statements made in the SSA application and forms are open to interpretation. . . .

Moreover, judicial estoppel is an equitable doctrine, and "is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." Applying judicial estoppel under the circumstances presented here would be inappropriate given that the truth-seeking function of the court would be supplanted by an agency administrative decision rendered without an evidentiary hearing. For these reasons, the district court's decision cannot be sustained based on the doctrine of judicial estoppel. [Citations omitted.]

In our previous opinion we adopted what is obviously now the minority view found in *McNemar, supra,* and held that the doctrine of judicial estoppel barred plaintiff's handicap discrimination claim. However, upon further review, we now disavow that position. Like the ADA, the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, prohibits discrimination, including in hiring, firing, and advancement. MCL 37.1202; MSA 3.550(202). After its 1990 amendments, it also requires that reasonable accommodations be made to assist the handicapped in performing duties of their employment. MCL 37.1103(e) and (1); MSA 3.550(103)(e) and (1). See *Hatfield v St Mary's Medical Center,* 211 Mich App 321, 326-327; 535 NW2d 272 (1995). We agree with the *Swanks* court that the receipt of social security disability benefits should not bar a subsequent claim under the HCRA for the same reasons that it does not bar a subsequent claim under the ADA. The two acts are designed for different pur-

poses and utilize different standards, and requiring a plaintiff to choose between the acts is unreasonable and illogical. Moreover, we agree that the social security definition of "disability" does not require a finding that the individual cannot perform any job under any circumstance. *Griffith, supra* at 382. The SSA does not take into consideration that a disabled individual may be able to perform a job with reasonable accommodations. Therefore, it is not inconsistent that a plaintiff could be disabled under the SSA and still be qualified to perform the duties of his job or a job he is seeking with reasonable accommodation under the HCRA. For that reason, we also agree that judicial estoppel should not bar a subsequent handicapper claim. "[T]he Social Security Administration's inquiry into an individual's eligibility for disability benefits focuses on the individual's ability to do work generally available in the national economy and does not address the possible effect of accommodation on ability to work." *Whitbeck, supra* at 247. Because the focus is different, positions taken before the Social Security Administration are not necessarily contrary to positions taken under the HCRA. Judicial estoppel operates only where the positions taken by a party are wholly inconsistent. *Paschke v Retool Industries*, 445 Mich 502, 509-510; 519 NW2d 441 (1994). Our prior ruling that judicial estoppel bars a subsequent handicap discrimination claim is vacated.

We note that although we have determined that judicial estoppel does not operate to automatically bar a disability benefit recipient's handicap discrimination claim, statements made by the plaintiff in his prior application for disability benefits may weigh

against him in his subsequent handicap discrimination claim.

> The conclusion we reach today does not mean that claimants' statements in support of disability claims are never relevant in ADA suits. For example, ADA plaintiffs who in support of claims for disability benefits tell the Social Security Administration they cannot perform the essential functions of a job even with accommodation could well be barred from asserting, for ADA purposes, that accommodation would have allowed them to perform that same job. [*Swanks, supra* at 243.]

See also *Griffith, supra* at 383 (reasoning that an employer sued for handicap discrimination could rely on the claimant's prior representations to attempt to prove that the claimant is not a qualified handicapped applicant); *Blanton, supra* (agreeing with *Swanks* that a party's prior sworn statements would be relevant in a subsequent handicap discrimination claim). We also note that a disability recipient's subsequent award of damages for a handicap discrimination claim may be reduced in order to prevent double recovery. See *Blanton, supra*; *Swanks, supra*.

Our ruling regarding this issue, however, does not result in relief from summary disposition for this plaintiff. In our prior opinion, we indicated that plaintiff was not handicapped within the meaning of the HCRA because his disabilities were related to his ability to perform his job duties in the maintenance position. *Tranker, supra* at 17, n 3. We affirm that position on remand.

In his complaint, plaintiff alleged that defendant failed to accommodate him and that defendant placed him in a job position different than the one that he had before his lengthy leave of absence in 1991 and

1992. The evidence presented to the lower court indicated that during plaintiff's leave of absence, the duties of his former position as an engineering liaison/expediter were reassigned to other employees during a reduction in work force. Defendant closed one of its production facilities and reduced its work force by twenty percent. The engineering liaison position was eliminated. Defendant had no duty to accommodate plaintiff by recreating the position of engineering liaison/expediter for him or placing him in a job other than the available maintenance job. See *Koester v Novi*, 213 Mich App 653, 662-663; 540 NW2d 765 (1995), rev'd in part on other grounds 458 Mich 1; 580 NW2d 835 (1998), where this Court reiterated that the duty to accommodate does not extend to new job placement or transfers to other positions. Thus, plaintiff's argument that he should have been accommodated by being given the position of engineering liaison/expediter was not actionable.

With regard to the maintenance position, which was plaintiff's position at the time of his termination, plaintiff specifically alleged that he could not perform the duties of the job. In his complaint at paragraph 9, he stated:

> That the Defendant ignored said medical advice and insisted on putting Plaintiff PAUL TRANKER in a position that required physical acts he could not do and that was dangerous to his health and well-being and discriminatory against him in that the Defendant required the Plaintiff PAUL TRANKER, who is a handicapped person, to undertake an employment position that the Defendant knew that the Plaintiff PAUL TRANKER would not be able to do because of his handicap and, in fact, put the Plaintiff PAUL TRANKER in a position of danger.

"[A] condition related to an individual's ability to perform the duties of a job is not a handicap within the meaning of the HCRA." *Id.* at 661-662. Here, plaintiff admitted that he could not perform the acts required for the maintenance position. He also failed to allege that he could have performed them with reasonable accommodations. Because plaintiff's handicap was directly related to his ability to perform the maintenance job, with or without accommodation, he is not handicapped under the act for that position and is not entitled to relief. In so holding, we note that in his complaint, plaintiff alleged only that his handicap was unrelated to his ability to perform the duties of the engineering liaison/expediter position, which was not the position at issue and which position did not exist. He never alleged that his physical handicaps were unrelated to his ability to do the available job.[4]

Affirmed.

---

[4] We also note that plaintiff did not attempt to base his HCRA claim on defendant's decision to eliminate the engineering liaison/expediter position. He did not allege that the position was eliminated in order to discriminate against him because of his handicaps.