Saad, J.
 

 Plaintiff appeals as of right from an order granting defendant’s motion for summary disposition of plaintiff’s claims of age and handicap discrimination. We affirm, albeit on different grounds than those stated by the trial court.
 

 I. facts and proceedings
 

 Plaintiff was employed as the full-time office manager for defendant, a small auto parts supply business. In November 1995, plaintiff informed Ray Fredrickson, defendant’s president, that he had been diagnosed with amyotrophic lateral sclerosis (als), more commonly known as Lou Gehrig’s disease. Als is an irreversible, degenerative disease that ultimately results in paralysis and death. Plaintiff advised his employer that he was still able to perform his job duties, and he continued to do so full-time for the next four or five months.
 

 On March 11, 1996, plaintiff broke his ankle, which required him to take a two-week absence from his work. The broken ankle was unrelated to the ALS condition. While plaintiff was off work, defendant assigned his job duties to Ernie Parpart. Parpart was defendant’s radial drill operator and had not previously performed office or computer duties for defendant. While filling in for plaintiff, Parpart informed Kurt Fredrickson, defendant’s vice president and Ray Fredrickson’s son, that he had discovered errors plaintiff made in quoting prices for customers. When plaintiff returned to work, Kurt Fredrickson ap
 
 *364
 
 pointed Parpart as full-time manager and reduced plaintiff’s hours to twenty a week. Parpart continued to discover plaintiff’s errors and report them to Kurt Fredrickson. Parpart also began to keep a record or log of plaintiff’s shortcomings. The record does not reveal the nature of this “log”; however, it was not defendant’s customary practice to keep a log of this kind on employees’ errors or performance. Kurt Fredrickson and Parpart decided that Parpart should confront plaintiff about his errors. Following a private meeting between Parpart and plaintiff in late April 1996, plaintiff’s employment with defendant ended. The parties dispute the circumstances of plaintiff’s departure from defendant’s company. Plaintiff alleges that Parpart fired him on Kurt Fredrickson’s instructions; Kurt Fredrickson avers that Parpart informed him that plaintiff voluntarily quit.
 
 [1]
 
 At the time plaintiff left defendant’s employ, plaintiff was fifty-three years old, and Parpart was forty-one.
 

 Plaintiff filed a two-count complaint alleging age discrimination in violation of the Civil Rights Act, MCL 37.2101
 
 et seq.)
 
 MSA 3.548(101)
 
 et seq.,
 
 and disability discrimination in violation of the Handicappers’ Civil Rights Act (hcra) (now known as the Persons with Disabilities Civil Rights Act), MCL 37.1101
 
 et seq.)
 
 MSA 3.550(101)
 
 et seq.
 
 The trial court granted defendant’s motion for summary disposition, holding that judicial estoppel barred plaintiff’s hcra claim and that plaintiff lacked evidentiary support for the age discrimination claim. We affirm, albeit on different grounds.
 

 
 *365
 
 H. ANALYSIS
 

 A
 

 Plaintiff argues that the trial court should not have considered defendant’s judicial estoppel defense because defendant failed to raise judicial estoppel in its affirmative defenses. Estoppel is an affirmative defense that must be stated in a party’s responsive pleading as originally filed or as amended in accordance with MCR 2.118. MCR 2.111(F)(3)(a). Defendant did not attempt to raise this affirmative defense until it filed its reply brief to plaintiff’s opposition to defendant’s summary disposition motion. In the reply brief, defendant requested leave to amend its affirmative defenses, but it did not make a separate motion for leave to amend as required by MCR 2.118(A)(2). At the summary disposition motion hearing, defendant attempted to move orally to amend the affirmative answers, but the trial court struck the motion on the ground that plaintiff did not have the opportunity to respond. Nonetheless, the trial court granted defendant’s summary disposition motion partly on the basis of judicial estoppel. On appeal, plaintiff argues that the trial court’s denial of the motion to amend the answer precluded the trial court from ordering summary disposition based on judicial estoppel.
 

 We agree that the trial court’s orders were inconsistent. However, we need not determine an appropriate remedy. As seen in the following discussion, we are able to affirm the trial court’s summary disposition order on grounds other than judicial estoppel.
 

 B
 

 Notwithstanding the trial court’s inconsistent orders with respect to defendant’s motion to amend
 
 *366
 
 its affirmative defenses, it was inappropriate for the trial court to grant summary disposition on the basis of judicial estoppel. Under recent developments in this area of the law, plaintiff’s handicap discrimination claim was not automatically precluded by his representation of a total disability to the Social Security Administration.
 

 According to the judicial estoppel doctrine, a party who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding.
 
 Paschke v Retool Industries,
 
 445 Mich 502, 509-510; 519 NW2d 441 (1994). To establish a prima facie case of discrimination under the HCRA, the plaintiff must show that he is “handicapped” as defined in the statute, but that the handicap is unrelated to his ability to perform the job duties with or without reasonable accommodations.
 
 Collins v Blue Cross Blue Shield of Michigan,
 
 228 Mich App 560, 568-569; 579 NW2d 435 (1998); MCL 37.1103(d)(i)(A); MSA 3.550(103)(d)(i)(A). The crux of defendant’s judicial estoppel argument is that plaintiff reported to the Social Security Administration that he was totally disabled, and that plaintiff is therefore judicially estopped in this lawsuit from making the inconsistent claim that his disability did not interfere with his job duties.
 

 Defendant relies on
 
 Tranker v Figgie Int’l Inc,
 
 221 Mich App 7; 561 NW2d 397 (1997)
 
 (Tranker
 
 I). In
 
 Tranker I,
 
 this Court originally held that the plaintiff’s representations to the Social Security Administration that he was totally and permanently disabled precluded a claim under the HCRA. Our Supreme Court remanded
 
 Tranker I
 
 to this Court to reconsider the
 
 *367
 
 issue in light of federal circuit court decisions
 
 [2]
 
 that allowed claims under the Americans with Disabilities Act (ADA)
 
 [3]
 
 though the plaintiff previously represented a total disability to the Social Security Administration. 456 Mich 934 (1998). On remand,
 
 Tranker v Figgie Int’l, Inc (On Remand),
 
 231 Mich App 115; 585 NW2d 337 (1998)
 
 (Tranker II),
 
 this Court disavowed its holding that judicial estoppel barred the plaintiff’s handicap discrimination claim. This Court noted that the differences between the HCRA and a claim to the Social Security Administration required the reversal:
 

 We agree with the
 
 Swanks
 

 [4]
 

 court that the receipt of social security disability benefits should not bar a subsequent claim under the HCRA for the same reasons that it does not bar a subsequent claim under the ADA. The two acts are designed for different purposes and utilize different standards, and requiring a plaintiff to choose between the acts is unreasonable and illogical. Moreover, we agree that the social security definition of “disability” does not require a finding that the individual cannot perform any job -under any circumstance.
 
 Griffith, supra
 
 at 382.
 
 [5]
 
 The ssa [Social Security Administration] does not take into consideration that a disabled individual may be able to perform a job with reasonable accommodations. Therefore, it is not inconsistent that a plaintiff could be disabled under the ssa and still be qualified to perform the duties of his job or a job he is seeking with reasonable accommodation under the hcra. For that reason, we also agree that judicial estoppel should
 
 *368
 
 not bar a subsequent handicapper claim.
 
 [Tranker II, supra,
 
 231 Mich App 121-122.]
 

 The Court noted, however, that “although . . . judicial estoppel does not operate to automatically bar a disability benefit recipient’s handicap discrimination claim,
 
 statements made by the plaintiff in his prior application for disability benefits may weigh
 
 against him in his subsequent handicap discrimination claim.”
 
 Id.,
 
 122-123 (emphasis added).
 

 We now consider how a plaintiff’s statements to the Social Security Administration might weigh against him in a subsequent discrimination claim. Recently, the United States Supreme Court elaborated on this issue. In
 
 Cleveland v Policy Management Systems Corp,
 
 526 US 795; 119 S Ct 1597; 143 L Ed 2d 966 (1999), the Supreme Court held that a plaintiff’s representation of total disability to the Social Security Administration does not automatically estop the plaintiff from alleging, for purposes of an ada claim, that she is able to perform the job in question. However, the Court also held that to survive a summary judgment motion, the plaintiff must explain why her statement to the administration is consistent with her claim that she can perform the essential functions of the job with reasonable accommodation:
 

 When faced with a plaintiff’s previous sworn statement asserting “total disability” or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ada claim. To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror’s concluding that, assuming the truth of, or the plaintiff’s good faith belief in, the earlier statement, the plaintiff could nonetheless “perform the essential functions”
 
 *369
 
 of her job, with or without “reasonable accommodation.”
 
 [Id.,
 
 119 S Ct 1604.]
 

 The
 
 Cleveland
 
 requirement of an explanation from the plaintiff is fully consistent with this Court’s holding in
 
 Tranker II.
 
 If we were unable to affirm the trial court’s grant of summary disposition on different grounds, we would remand this case to the trial court for further proceedings consistent with
 
 Cleveland.
 
 While plaintiff’s representation to the Social Security Administration does not automatically preclude his handicap discrimination claim, he should not be permitted to proceed without explaining how he could, in good faith, represent a total disability and be able to perform the job with reasonable accommodation.
 

 c
 

 Although plaintiff’s representation to the Social Security Administration was not sufficient to warrant summary disposition of the handicap discrimination claim, we nonetheless affirm because defendant was entitled under MCR 2.116(C)(10) to summary disposition of the claims of handicap and age discrimination. We affirm because the trial court reached the right result, albeit for the wrong reason.
 
 Yerkovich v AAA,
 
 231 Mich App 54, 68; 585 NW2d 318 (1998).
 

 This Court reviews decisions on motions for summary disposition de novo.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d 201 (1998). Motions under MCR 2.116(C)(10) test the factual support of the plaintiff’s claim.
 
 Id.
 
 The court considers the affidavits, pleadings, depositions, admissions, and other evidence submitted to determine whether a genuine issue of any material fact exists to warrant a trial.
 
 Id.
 
 Both this Court and the trial court must
 
 *370
 
 resolve all reasonable inferences in favor of the non-moving party.
 
 Bertrand v Alan Ford, Inc,
 
 449 Mich 606, 618; 537 NW2d 185 (1995).
 

 Under an intentional discrimination theory of age discrimination, the plaintiff must show (1) membership in a protected class, (2) discharge from employment, (3) that the plaintiff was qualified for the position, and (4) that he was replaced by a younger person. The plaintiff must prove the elements by a preponderance of the evidence.
 
 Lytle v Malady (On Rehearing),
 
 458 Mich 153, 172-173; 579 NW2d 906 (1998). The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the discharge.
 
 Id.,
 
 173. At this stage, defendant does not need to persuade the court that it was actually motivated by the preferred reasons. It is sufficient for defendant’s evidence to raise a genuine issue of fact with respect to whether it discriminated against the plaintiff.
 
 Id.,
 
 (citing
 
 Texas Dep’t of Community Affairs v Burdine,
 
 450 US 248, 254-255; 101 S Ct 1089; 67 L Ed 2d 207 [1981]). The defendant must set forth, through admissible evidence, the reasons for the adverse employment decision. The explanation must be legally sufficient to justify judgment for the defendant. If the defendant satisfies this burden of production, the presumption raised by the prima facie case is rebutted.
 
 Lytle, supra,
 
 174. The burden of proof then shifts back to the plaintiff, who must show “that there was a triable issue of fact that the employer’s proffered reasons were not true reasons, but were a mere pretext for discrimination.”
 
 Id.
 
 Our Supreme Court has adopted the “intermediate position” for determining the proper summary disposition
 
 *371
 
 standard for discrimination claims under the Civil Rights Act:
 

 Under this position, disproof of an employer’s articulated reason for an adverse employment decision defeats summary disposition
 
 only if such disproof also raises a triable issue that discriminatory animus was a motivating factor underlying the employer’s adverse action.
 
 In other words,
 
 plaintiff must not merely raise a triable issue that the employer’s proffered reason was pretextual, but that it was a pretext for age or sex discrimination.
 
 Therefore, we find that, in the context of summary disposition, a plaintiff must prove discrimination with admissible evidence, either direct or circumstantial, sufficient to permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the adverse action taken by the employer toward the plaintiff.
 
 [Id.,
 
 175-176.]
 

 The prima facie case elements and burden-shifting analysis apply to HCRA claims as well as to Civil Rights Act claims. See
 
 Collins, supra,
 
 569, and
 
 Rollert, supra.
 

 Here, plaintiff has not satisfied this burden. Plaintiff established a prima facie case of discrimination under both theories by alleging that he was first demoted and then terminated from his employment and replaced by a younger, nonhandicapped person.
 
 [6]
 
 The burden then shifted to defendant, which met its burden of production by offering a legitimate, nondiscriminatory reason for plaintiff’s demotion and termination.
 
 Rollert v Dep’t of Civil Service,
 
 228 Mich App 534, 538; 579 NW2d 118 (1998). Vice president Kurt Fredrickson swore in an affidavit that Parpart brought to light problems with plaintiff’s performance
 
 *372
 
 and that plaintiff quit his employment after he was confronted regarding errors in his work. This evidence satisfies defendant’s burden of production at the second phase of the prima facie case.
 

 Plaintiff has failed to establish that any of these proferred reasons are a pretext for discrimination. Plaintiff does not deny that Parpart reported problems with plaintiff’s performance to Kurt Fredrickson, nor does he challenge the accuracy of Paipart’s reports. Instead, plaintiff relies on the deposition testimony of defendant’s president, Ray Fredrickson. Ray Fredrickson testified that he did not know that plaintiff’s job performance had become unsatisfactory, and that the company did not keep “performance logs” on any other employees. However, plaintiff adduces no evidence to show that Ray Fredrickson personally supervised the business office or employee performance. Also, in a small company such as defendant’s, the fact that no one had ever kept this type of “performance log” on another employee does not indicate that plaintiff was subject to unusual treatment. Plaintiff failed to offer evidence of disparate treatment by submitting evidence that other employees, with similar performance deficiencies, did not become the subjects of “performance logs.” Plaintiff also avers that Parpart was less qualified than plaintiff for the office manager job. However, defendant never stated that Parpart became the full-time officer manager because he was more qualified, but rather because he detected errors in plaintiff’s performance. Finally, assuming, as plaintiff alleges, that defendant’s employees appeared uncomfortable around plaintiff after he was diagnosed with
 
 *373
 
 als, this has no connection with plaintiff’s separation from employment.
 

 Plaintiff’s evidence does not establish any discriminatory animus—on the basis of either age or disability—for defendant’s alleged adverse employment decisions. Viewing this evidence in the light most favorable to plaintiff, it suggests only that Parpart may have edged plaintiff out of his job. Accordingly, defendant was entitled to summary disposition.
 

 Affirmed.
 

 [1]
 

 According to defendant, Parpart subsequently quit his job, and his whereabouts have not been known since.
 

 [2]
 

 Swanks v Washington Metropolitan Area Transit Authority,
 
 325 US App DC 238; 116 F3d 582 (1997),
 
 Whitbeck v Vital Signs, Inc,
 
 325 US App DC 244; 116 F3d 588 (1997),
 
 Blanton v Inco Alloys Int’l, Inc,
 
 123 F3d 916 (CA 6, 1997), and
 
 Griffith v Wal-Mart Stores, Inc,
 
 135 F3d 376 (CA 6, 1998).
 

 [3]
 

 42 USC 12101
 
 et seq.
 

 [4]
 

 4
 
 Swanks, supra,
 
 n 2.
 

 [5]
 

 5
 
 Griffith, supra,
 
 n 2.
 

 [6]
 

 Defendant has not contested plaintiff’s claim that the als condition constitutes a handicap within the meaning of the statute.