KERNS v DURA MECHANICAL COMPONENTS, INC (ON REMAND)

Docket No. 198393. Submitted December 10, 1999, at Grand Rapids. Decided July 21, 2000, at 9:00 A.M. Leave to appeal sought.

Robert H. Kerns brought an action in the Antrim Circuit Court against Dura Mechanical Components, Inc., alleging that the defendant terminated his employment in violation of, among other things, the Michigan Handicappers' Civil Rights Act (HCRA), now known as the Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, and the age discrimination prohibition of the Civil Rights Act (CRA), MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* The court, Thomas G. Power, J., summarily dismissed the handicap discrimination claim, ruling that in light of the plaintiff's representations of total and permanent disability in support of a successful claim for social security disability benefits, judicial estoppel precluded the handicap discrimination claim. The court also summarily dismissed the age discrimination claim, ruling that the plaintiff failed to establish that an issue of fact existed concerning whether the defendant's proffered nondiscriminatory reasons for termination were mere pretext for discrimination. The Court of Appeals, GRIFFIN, P.J., and WAHLS and GRIBBS, JJ., in an unpublished opinion per curiam, issued December 5, 1997 (Docket No. 198393), affirmed, holding that judicial estoppel precluded both claims. The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of *Tranker v Figgie Int'l, Inc (On Remand)*, 231 Mich App 115 (1998), and *Cleveland v Policy Management Systems Corp*, 526 US 795 (1999). 461 Mich 905 (1999).

On remand, the Court of Appeals *held*:

1. As decided in *Tranker* with respect to handicap discrimination claims under the HCRA and in *Cleveland* with respect to handicap discrimination claims under the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.*, the pursuit and receipt of social security disability benefits no longer automatically gives rise to judicial estoppel so as to bar claims under the HCRA or the ADA. Nevertheless, summary disposition based on judicial estoppel will be upheld on appeal, without need of a remand, where, as in this case, the inconsistency between statements of total disability in support of

the claim for social security disability benefits and statements of ability to perform essential job functions in support of the claim of handicap discrimination cannot be reconciled in a way that would enable a reasonable juror to conclude that, notwithstanding the earlier statements of disability, the claimant could perform the essential functions of the job, with or without reasonable accommodation. An irreconcilable inconsistency exists between the plaintiff's earlier statements that his job required standing and walking for long periods, but that his physical condition was such that he could not walk on a hard surface and had very limited ability to walk, and his later statements that he could perform the essential functions of his job. By the plaintiff's own admission the job could not be performed unless the person doing the work could stand and walk for long periods. None of the workplace accommodations suggested by the plaintiff were of the reasonable sort required by the HCRA.

2. The plaintiff cannot establish a prima facie case of age-related employment discrimination under the CRA in light of his inability to provide evidence that he was qualified for the job.

Affirmed.

SMOLENSKI, J., dissenting, stated that an employment discrimination claim under the PWDCRA should not be summarily dismissed on the basis of judicial estoppel relating to an earlier statement of ·total disability made in the course of seeking social security disability benefits where the claimant offers a sufficient explanation for the inconsistency between such statement and a statement of ability to perform the job made in pursuing the employment discrimination claim under the PWDCRA. In this case, the plaintiff provided a sufficient explanation by arguing that reasonable workplace accommodation is not considered in determining eligibility for social security disability benefits, but is considered for purposes of the PWDCRA. The grant of summary disposition should be reversed and the case should be remanded for further proceedings because the plaintiff established prima facie cases of handicap discrimination and age discrimination.

CIVIL RIGHTS — PERSONS WITH DISABILITIES — EMPLOYMENT DISCRIMINATION — SOCIAL SECURITY DISABILITY.

The pursuit and receipt of social security disability benefits does not automatically give rise to judicial estoppel to preclude a later claim of employment discrimination under the Handicappers' Civil Rights Act, now known as the Persons with Disabilities Civil Rights Act; judicial estoppel arises only where the inconsistency between the earlier statement of total disability and the later statement of ability to perform the job sought cannot be reconciled in a way that would

enable a reasonable juror to conclude that the claimant could perform the essential functions of the job, with or without accomodation (MCL 37.1101 *et seq.*; MSA 3.550[101] *et seq.*).

*Bott & Spencer, P.C.* (by *Timothy J. Bott*), for the plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Timothy H. Howlett* and *David Deromidi*), for the defendant.

### ON REMAND

Before: GRIFFIN, P.J., and GRIBBS and SMOLENSKI*, JJ.

GRIFFIN, P.J. This case is on remand to us from the Michigan Supreme Court, 461 Mich 905 (1999), for reconsideration in light of *Tranker v Figgie Int'l, Inc (On Remand)*, 231 Mich App 115; 585 NW2d 337 (1998) (*Tranker II*), and *Cleveland v Policy Management Systems Corp*, 526 US 795; 119 S Ct 1597; 143 L Ed 2d 966 (1999). We affirm.

I

Plaintiff Robert Kerns brought an action in the Antrim Circuit Court against defendant Dura Mechanical Components, Inc., alleging defendant violated an employment contract, the Michigan Handicappers' Civil Rights Act (HCRA) (now known as the Persons with Disabilities Civil Rights Act), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, and the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, when it terminated his employment. In our previous opinion in this matter, *Kerns v Dura Mechanical Compo-*

---

* On remand, Judge SMOLENSKI has been substituted for Judge WAHLS.

*nents, Inc,* unpublished opinion per curiam, issued December 5, 1997 (Docket No. 198393), we affirmed the trial court's order granting defendant's motion for summary disposition with regard to plaintiff's wrongful discharge,[1] handicapper discrimination, and age discrimination claims. In affirming dismissal of the latter two claims, we relied on the doctrine of judicial estoppel espoused in *Tranker v Figgie Int'l, Inc,* 221 Mich App 7; 561 NW2d 397 (1997), nullified 456 Mich 931 (1998) (*Tranker I*), holding plaintiff's successful representations to the Social Security Administration that he was totally and permanently disabled precluded his claims in the present lawsuit under the HCRA and the Civil Rights Act.

After our previous decision, our Supreme Court remanded *Tranker I* to this Court for reconsideration in light of several federal circuit court decisions that allowed claims under the Americans with Disabilities Act (ADA)[2] even though the plaintiffs therein had previously represented a total disability to the Social Security Administration. 456 Mich 934 (1998). On remand, *Tranker II, supra* at 121-123, our Court vacated its prior ruling that judicial estoppel automatically bars a subsequent handicap discrimination claim, holding in pertinent part:

> In our previous opinion we . . . held that the doctrine of judicial estoppel barred plaintiff's handicap discrimination claim. However, upon further review, we now disavow that position. Like the ADA, the . . . HCRA . . . prohibits discrimination, including in hiring, firing, and advancement. MCL

---

[1] Plaintiff's wrongful discharge claim is not the subject of review on remand and therefore our prior decision affirming summary disposition stands unaltered in this regard.

[2] 42 USC 12101 *et seq.*

37.1202; MSA 3.550(202). After its 1990 amendments, it also requires that reasonable accommodations be made to assist the handicapped in performing duties of their employment. . . . [T]he receipt of social security disability benefits should not bar a subsequent claim under the HCRA for the same reasons that it does not bar a subsequent claim under the ADA. The two acts are designed for different purposes and utilize different standards, and requiring a plaintiff to choose between the acts is unreasonable and illogical. Moreover, we agree that the social security definition of "disability" does not require a finding that the individual cannot perform any job under any circumstance. . . . The SSA does not take into consideration that a disabled individual may be able to perform a job with reasonable accommodations. Therefore, it is not inconsistent that a plaintiff could be disabled under the SSA and still be qualified to perform the duties of his job or a job he is seeking with reasonable accommodation under the HCRA. For that reason, we also agree that judicial estoppel should not bar a subsequent handicapper claim. . . .

We note that although we have determined that judicial estoppel does not operate to automatically bar a disability benefit recipient's handicap discrimination claim, statements made by the plaintiff in his prior application for disability benefits may weigh against him in his subsequent handicap discrimination claim.

"The conclusion we reach today does not mean that claimants' statements in support of disability claims are never relevant in ADA suits. For example, ADA plaintiffs who in support of claims for disability benefits tell the Social Security Administration they cannot perform the essential functions of a job even with accommodation could well be barred from asserting, for ADA purposes, that accommodation would have allowed them to perform that same job." [*Swanks (v Washington Metropolitan Area Transit Authority*, 325 US App DC 238; 116 F3d 582 [1997]), *supra* at 243.]

More recently, in *Cleveland v Policy Management Systems Corp, supra,* the United States Supreme Court held the pursuit and receipt of social security

disability insurance benefits neither automatically estops the recipient from pursuing an ADA claim nor erects a strong presumption against the recipient's success under the ADA. However, the *Cleveland* Court, *supra* at 806-807, further held that to survive a defendant's motion for summary disposition,

> [a]n ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation. . . .
>
> . . . When faced with a plaintiff's previous sworn statement asserting "total disability" or the like, the court should require an explanation of any apparent inconsistency with the necessary elements of an ADA claim. To defeat summary judgment, that explanation must be sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless "perform the essential functions" of her job, with or without "reasonable accommodation."

The *Cleveland* Court, *supra* at 807, found that, under the particular circumstances of that case, the plaintiff had advanced a sufficient explanation for her contradictory representations to warrant remanding the case to the trial court for further proceedings on the issue:

> In her brief to this Court, Cleveland explains the discrepancy between her SSDI statements that she was "totally disabled" and her ADA claim that she could "perform the essential functions" of her job. The first statements, she says, "were made in a forum which does not consider the effect that reasonable workplace accommodations would have on the ability to work." Brief for Petitioner 43. Moreover, she claims the SSDI statements were "accurate statements" if examined "in the time period in which they were made." *Ibid.* The parties should have the opportunity in the trial court to present, or to contest, these explanations, in sworn form where appropriate. Accordingly, we vacate the judg-

ment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

Thus, pursuant to *Tranker II* and *Cleveland*, judicial estoppel no longer automatically precludes plaintiff's discrimination claims asserted in this case. Moreover, as this Court has already acknowledged in *Hall v McRea Corp*, 238 Mich App 361, 369; 605 NW2d 354 (1999), "[t]he *Cleveland* requirement of an explanation from the plaintiff is fully consistent with this Court's holding in *Tranker II*." In some cases, a remand to the trial court to afford plaintiff the opportunity to reconcile his representation of total disability (for social security purposes) with his HCRA and Civil Rights Act discrimination claims would be the appropriate remedy. However, we conclude neither *Tranker II* nor *Cleveland* mandates a remand for further explanation in every instance in which inconsistent claims regarding disability have been alleged. As two post-*Cleveland* federal decisions have expressly recognized, summary disposition based on estoppel, without the necessity for remand, is warranted under certain circumstances. As explained in *Motley v New Jersey State Police*, 196 F3d 160, 164, 167 (CA 3, 1999):

> The Supreme Court [in *Cleveland*] acknowledged, as do we, that a statement of total disability when applying for disability benefits may be a "context-related legal conclusion, namely, 'I am disabled for purposes of the [disability act].'" *Id.* [*Cleveland*] at [119 S Ct] 1601. . . .
> The Court also acknowledged that certain statements made during disability hearings may lead to generally applicable factual conclusions. Where factual inconsistencies between claims exist, as opposed to context-specific legal conclusions, the Court held that the law remains "where [it] found it." See *Cleveland*, 119 S Ct at 1601-02 . . . .

\*     \*     \*

As the Supreme Court made clear in *Cleveland,* 119 S Ct
at 1603-04, the mere fact that the statutory standards differ
in some aspects does not mean that a prior assertion of per-
manent and total disability can never preclude a party from
bringing a claim under the ADA. Cleveland holds simply that
where context-related legal conclusions are involved, courts
must not apply presumptions automatically without first
considering whether the ADA plaintiff can reconcile the two
apparently inconsistent statutory claims. *There may be
cases where, looking at the previous facts and statements
by a party, the assertions are such that the party cannot
prove that he was a qualified individual because his previ-
ous statements take the position that he could not perform
the essential functions of the job, with or without accom-
modation.* [Emphasis added.]

On the basis of the existing record before it, the
*Motley* Court, *supra* at 166-167, concluded that the
plaintiff would not be able to satisfactorily reconcile
the factual inconsistencies between his pension disa-
bility and ADA claims and, therefore, a remand was
not required pursuant to *Cleveland:*

[S]imply averring that the statutory schemes differ is not
enough to survive summary judgment in light of *Cleveland.*
An ADA plaintiff must offer a more substantial explanation
to explain the divergent positions taken, or else summary
judgment could never be granted. Motley has failed to bring
additional reasons for his conflicting answers to our atten-
tion. If anything, looking to the different statutory schemes
in this particular case convinces us that Motley's claims are,
in fact, unreconcilable.

\*     \*     \*

Motley, relying on several specific and severe physical
injuries, asserted that he was "permanently and totally dis-
abled." This was not a mere blanket statement of complete
disability checked on a box in order to obtain pension ben-

efits. Rather, the assertion was supported by Motley's additional statements concerning the type and extent of his injuries. Furthermore, the medical board diagnosis, uncontested by Motley, also concluded that Motley was permanently incapacitated for police officer duties. On their face, these assertions are patently inconsistent with his present claims that he was a "qualified individual" under the ADA.

Motley asserted that he was totally disabled so that he could receive special retirement benefits. After his retirement, he brought this claim, which necessarily relies on the fact that he was not totally disabled. Examining all the facts, we cannot say that the District Court erred when it concluded that the ADA case brought by Motley was inconsistent with his earlier statements regarding his disability. Thus, under *Cleveland*, the entry of summary judgment against Motley was proper.

Likewise, in *Mitchell v Washingtonville Central School Dist*, 190 F3d 1 (CA 2, 1999), the United States Court of Appeals concluded that summary judgment was appropriate, and a remand for further proceedings was not warranted. The *Mitchell* Court held that the plaintiff custodian's previous assertions that he could no longer walk or stand[3] (made as part of his

---

[3] As the *Mitchell* court explained, *supra* at 4:

In April 1994, Mitchell . . . applied for Social Security disability benefits. In July 1994, after his claim was initially denied, he filed a request for reconsideration, asserting: "I am totally disabled and unable to engage in any type of gainful employment due to being on my feet for long periods of time which resulted in a cyst." Again, the claim was denied and Mitchell appealed once more, this time stating in his written request for a hearing: "I am totally disabled and unable to engage in gainful employment due to being an amputee, my right leg from the knee down. This disability enables me [sic] from any type of prolonged standing or ambulation."

At a hearing on the matter in July 1995 . . . in response to the question, "Why can't you work now?", Mitchell testified, "I'm not sure I can get anything where I could just sit for the entire time I'd be working." Mitchell further testified that he could stand for only five minutes at a time and that he could not carry any weight.

successful worker's compensation and social security disability compensation claims) were purely factual conclusions (not "context-related legal conclusion[s]," *Cleveland, supra* at 802) that prevented the plaintiff from asserting a contrary factual position in his ADA claim:

> Mitchell [plaintiff] argues that . . . in its application of judicial estoppel the district court effectively imposed a *per se* rule preventing an SSDI recipient who claims an inability to work from later asserting under the ADA that he or she is able to work. We disagree. The district court did not hold that Mitchell was estopped from arguing that he was able to work with a reasonable accommodation once he asserted, for purposes of obtaining workers' compensation and social security benefits, that he was too disabled to work. On the contrary, the lower court specifically declined to apply any such categorical rule and held Mitchell was estopped from asserting, as a factual matter, that he was capable of performing work in other than a sedentary position. Such an application of judicial estoppel is consistent with *Cleveland.* The Supreme Court emphasized that the case before it did not "involve directly conflicting statements about purely factual matters, such as . . . 'I can/cannot raise my arm above my head[,]'" and indeed that the decision "leaves the law related to . . . purely factual . . . conflict[s] where [the Court] found it." *Cleveland,* [526] US at [802]; 119 S Ct at 1601-02. Therefore, if the requirements for judicial estoppel are otherwise met, Mitchell may be prevented from claiming, as a factual matter, that he could stand and walk at work on the basis of prior factual assertions to the contrary.
>
> Turning to those requirements, we conclude that the district court correctly held that Mitchell was estopped from asserting in the present action that he was capable of performing work that required him to stand or walk. . . . Mitch-

---

Finally, Mitchell stated that he was in constant pain when he wore his prosthesis.

ell's prior statements, made in 1994, 1995 and 1996 to the
Workers' Compensation Board and the Social Security
Administration, that he was incapable of standing for any
length of time or of walking and that he required work he
could perform seated, clearly contradict Mitchell's position
in this litigation that as of late 1994 he was able to stand
and walk for a substantial portion of the work day. . . .
Since Mitchell's earlier assertions as to his inability to walk
or stand were accepted by these prior administrative tribu-
nals, resulting in a determination in his favor, judicial estop-
pel prevents Mitchell from advancing, for purposes of this
litigation, the contrary position.

                    *      *      *

We also agree with the district court that, once estopped
from arguing he could walk and stand and therefore bound
to the assertion that he could only do sedentary work,
Mitchell could not show that he could perform the essential
functions of Head Custodian with a reasonable accommoda-
tion. He therefore failed to make out a [prima facie] claim
[of discrimination] under the ADA. [*Mitchell, supra* at 7-8.]

                          II

The instant case bears a close resemblance to the
facts of both *Motley* and *Mitchell*. Indeed, we con-
clude the present matter is one of those cases
"where, looking at the previous facts and statements
by a party, the assertions are such that the party can-
not prove that he was a qualified individual because
his previous statements take the position that he
could not perform the essential functions of the job,
with or without accommodation." *Motley, supra* at
167. Thus, we reaffirm our prior conclusion that the
trial court did not err in granting defendant's motion
for summary disposition with respect to plaintiff's
handicapper and age discrimination claims. *Quinto v*

*Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

The prima facie case elements and burden-shifting analyses applicable to HCRA and Civil Rights Act claims are similar. *Hall, supra* at 371. To establish a prima facie case of discrimination under the HCRA, a plaintiff must establish (1) he has a "handicap" as defined by the HCRA, (2) the handicap is unrelated to his ability to perform the duties of a particular job, and (3) he was discriminated against in one of the ways described in the statute. *Rollert v Dep't of Civil Service*, 228 Mich App 534, 538; 579 NW2d 118 (1998).

In an employment discrimination case alleging discrimination based on older age, the plaintiff must present a prima facie case demonstrating (1) membership in a protected class, (2) discharge from employment, (3) that the plaintiff was qualified for the position, and (4) that he was replaced by a younger person. *Lytle v Malady (On Rehearing)*, 458 Mich 153, 172-173; 579 NW2d 906 (1998); *Hall, supra* at 370-371; *Featherly v Teledyne Industries, Inc*, 194 Mich App 352, 358; 486 NW2d 361 (1992). The plaintiff must prove the elements by a preponderance of the evidence; once that has been accomplished, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the discharge. *Hall, supra* at 370.

In the instant case, plaintiff's first application for social security disability benefits described his injuries as being to his "knees, shoulders, carpal tunnel, [and] back." After his initial claim for benefits was denied, plaintiff submitted a signed request for reconsideration, asserting that as of the date of his termination, he became unable to work because of a disabil-

ity. In the request for reconsideration, plaintiff specifically and unequivocally represented his physical condition had changed and in effect deteriorated because

> medication is no longer effective due to my inability to use because of gastro-intestinal problems. Pain in knees and neck getting worse. *Unable to walk on hard surface at all.*
>
> \*     \*     \*
>
> *Very limited ability to walk* and sleep at night due to pain in neck and knees. [Emphasis added.]

Significantly, these representations were made in the context of plaintiff's own description, set forth in the request for reconsideration, of his job at Dura:

> The job of industrial relations manager is not possible to perform unless the person doing the work can stand and walk for long periods of time, i.e. 5 to 9 hours each day. . . .

On the basis of these assertions by plaintiff, the hearing referee found plaintiff to be totally disabled[4] and entitled to social security disability benefits:

> The claimant was 62 years old on the date on which disability has been alleged. He has a master's degree in business administration. The claimant has not engaged in any substantial gainful activity since the alleged onset. He has the following impairments which are considered to be "severe" under the Social Security Act and Regulations: degenerative arthritis of the left knee, cervical radiculopathy, bilateral

---

[4] "Disability" is defined under the Social Security Act as the " 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.' " See *Tranker I, supra* at 12, quoting 42 USC 423(d)(1)(A).

ankylosis of the shoulders, and bilateral carpal tunnel syndrome. These impairments prevent the claimant from lifting more than ten pounds at a time, engaging in prolonged standing and walking, performing overhead work, and repetitively using the upper extremities.

*        *        *

The claimant's descriptions of his symptoms and limitations are consistent with the record when the record is considered in its entirety. Based upon the residual functional capacity findings of this decision, it is found the claimant cannot perform his past relevant light work as an industrial relations manager. The vocational expert at the hearing testified that although the claimant had acquired skills in his past relevant work, there would be significant vocational adjustment required in terms of work settings, people, and processes in transferring his skills to sedentary work. . . .

Pursuant to *Tranker II* and *Cleveland, supra,* plaintiff is certainly not automatically judicially estopped from asserting in the present case that he was able to work with or without reasonable accommodation once he represented, for social security purposes, that he was totally disabled. Indeed, in conjunction with the present lawsuit, plaintiff has stated that at the hearing on his application for social security disability benefits he specifically testified he "could still perform the duties of his job at Dura Mechanical Components, Inc., had I not been involuntarily terminated" and he "was capable of performing the same work that he had performed at Dura before my involuntary termination of October 27, 1992." Plaintiff has also submitted the affidavit of Roy Welton, a vocational rehabilitation specialist. After reviewing the social security disability decision rendered in favor of plaintiff, Mr. Welton opined in pertinent part that although plaintiff was technically "disabled" for social

security purposes, he could have continued working for defendant with his handicap because his receipt of benefits was premised in part on his advanced age rather than a total inability to work. Significantly, these averments are dependent on plaintiff's further contention that the "reasonable accommodation" afforded by the HCRA, see, generally, *Carr v General Motors Corp*, 425 Mich 313; 389 NW2d 686 (1986), amended in part on rehearing 426 Mich 1231 (1986), was in fact necessary and required defendant to allow him a "short medical leave" for knee surgery, postoperative convalescence, and physical rehabilitation; alternatively, plaintiff argues that defendant could have accommodated plaintiff's handicap by allowing him to limit the required walking.

We conclude, however, that plaintiff's proffered evidence does not generate a factual dispute sufficient to warrant remand or withstand summary disposition. This case, unlike *Cleveland*, does not merely involve divergent context-related legal conclusions, but rather sets forth irreconcilable factual inconsistencies analogous to those in *Motley* and *Mitchell*. Given plaintiff's earlier successful assertions at the social security disability hearing that he was "unable to walk on a hard surface at all," and he had a "very limited ability to walk," plaintiff is estopped in the present litigation from asserting, as a purely factual matter, that he could stand and walk in a prolonged fashion at work. *Mitchell, supra; Motley, supra*. See also *Mitan v Neiman Marcus*, 240 Mich App 679; 613 NW2d 415 (2000); *Palazzola v Karmazin Products Corp*, 223 Mich App 141, 155; 565 NW2d 868 (1997); *Kaufman & Payton, PC v Nikkila*, 200 Mich App 250, 256-257, 257; 503 NW2d 728 (1993) ("parties may not contrive

factual issues merely by asserting the contrary in an affidavit after having given damaging testimony in a deposition"). By plaintiff's own admission, the job of industrial relations manager "is not possible to perform unless the person doing the work can stand and walk for long periods of time."

Once estopped in the present action from representing that he could walk or stand for prolonged periods and thus conversely bound by the conclusion that he could only perform sedentary work, plaintiff remains unable to demonstrate (even drawing all factual inferences in his favor for purposes of summary disposition, *Quinto, supra*) that he could perform the essential functions of his job with a reasonable accommodation. An employer's duty to make "reasonable accommodation" under the HCRA does not extend to granting the plaintiff a medical leave until such time as he would be able to perform the requirements of his job. *Lamoria v Health Care & Retirement Corp*, 233 Mich App 560, 562; 593 NW2d 699 (1999); *Ashworth v Jefferson Screw Products, Inc*, 176 Mich App 737, 745; 440 NW2d 101 (1989); *Wilson v Acacia Park Cemetery Ass'n*, 162 Mich App 638, 643-644; 413 NW2d 79 (1987). An employer likewise has no duty to accommodate the plaintiff by recreating the position, adjusting or modifying job duties otherwise required by the job description, or placing the plaintiff in another position. *Carr, supra* at 320-323; *Tranker II, supra* at 124; *Koester v Novi*, 213 Mich App 653, 662-663; 540 NW2d 765 (1995), rev'd in part on other grounds 458 Mich 1; 580 NW2d 835 (1998). Consequently, defendant was not required to accommodate plaintiff in the manner he has suggested.

In light of these circumstances, plaintiff cannot successfully advance an explanation that is "sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of [his] job, with or without 'reasonable accommodation.' " *Cleveland, supra* at 807. Because a successful claim under the HCRA requires a finding that plaintiff is physically limited in a way unrelated to his ability to work, *Tranker II, supra* at 125, and the facts unequivocally demonstrate plaintiff could not perform the acts required for the industrial relations manager position, plaintiff has failed to make out a prima facie case under the HCRA. Summary disposition in favor of defendant was therefore properly granted by the trial court.

The rationale of *Tranker II* and *Cleveland* applies with equal force to plaintiff's age discrimination claim. As previously noted, plaintiff must present evidence that he was "qualified" for the position sought. *Lytle, supra; Featherly, supra.* On the basis of our reasoning set forth above, plaintiff is unable to offer such proofs and therefore cannot make out a prima facie case of age discrimination under the Civil Rights Act. Summary disposition in favor of defendant on this claim as well was therefore properly granted by the trial court.

Affirmed.

GRIBBS, J., concurred.

SMOLENSKI, J. (*dissenting*). I respectfully dissent. I disagree with the majority's conclusion that plaintiff's handicap and age discrimination claims are barred because of representations plaintiff made when apply-

ing for social security disability insurance (SSDI) bene-
fits. Rather, I believe that this Court should reverse
the trial court's decision granting defendant's motion
for summary disposition and remand for further pro-
ceedings, given the holdings of *Cleveland v Policy
Management Systems Corp*, 526 US 795; 119 S Ct
1597; 143 L Ed 2d 966 (1999), and *Tranker v Figgie
Int'l, Inc (On Remand)*, 231 Mich App 115; 585 NW2d
337 (1998) (*Tranker II*).

It is clear that statements made in the context of an
SSDI application may not be utilized to automatically
bar a plaintiff's handicap discrimination claim under
either the Persons with Disabilities Civil Rights Act
(PWDCRA), MCL 37.1101 *et seq.*;   MSA 3.550(101) *et
seq.*, or the Americans with Disabilities Act (ADA), 42
USC 12101 *et seq. Cleveland, supra* at 797-798;
*Tranker II, supra* at 121-122. Yet, the question
remains whether courts will generally allow the jury
to weigh the plaintiff's inconsistent statements or will
generally grant summary disposition to the defendant
on the grounds that the plaintiff's statements are too
inconsistent for the plaintiff to prove a prima facie
handicap discrimination claim. In *Tranker II*, this
Court held that "statements made by the plaintiff in
his prior application for disability benefits may weigh
against him in his subsequent handicap discrimination
claim." *Id.* at 122-123. The *Cleveland* Court required
ADA plaintiffs to offer a "sufficient explanation" for
statements made in an application for SSDI benefits
that apparently contradict the essential elements of a
handicap discrimination claim. 526 US 806. This Court
accepted the *Cleveland* requirement of a "sufficient
explanation" in *Hall v McRea Corp*, 238 Mich App
361, 369; 605 NW2d 354 (1999), stating that a handi-

cap discrimination plaintiff "should not be permitted to proceed without explaining how he could, in good faith, represent a total disability and be able to perform the job with reasonable accommodation."

The majority recognizes the above precedent, but relies on two federal decisions, *Motley v New Jersey State Police*, 196 F3d 160 (CA 3, 1999), and *Mitchell v Washingtonville Central School Dist*, 190 F3d 1 (CA 2, 1999), which concluded that the plaintiffs were not entitled to remand to the trial court for an opportunity to reconcile their SSDI claims with their handicap discrimination claims. However, other federal decisions following *Cleveland* have concluded that facially inconsistent statements made by the plaintiff in the earlier proceeding did not merit summary disposition of the plaintiff's handicap discrimination claim. See *Parker v Columbia Pictures Industries*, 204 F3d 326, 334-335 (CA 2, 2000) (the plaintiff's argument that he was capable of returning to his job on a gradual or part-time basis or with other accommodations constituted sufficient explanation and warranted remand); *Norris v Sysco Corp*, 191 F3d 1043, 1049 (CA 9, 1999) (the plaintiff's inconsistent statements should be weighed by the jury); *Nodelman v Gruner & Jahr USA Publishing*, 2000 WL 502858, * 8 (SD NY, 2000) (the plaintiff's argument that he could perform his job with reasonable accommodations constituted sufficient explanation to defeat summary judgment).

In this case, plaintiff argued in his brief on remand that defendant could have reasonably accommodated his inability to stand or walk for prolonged periods. Plaintiff explained the apparent inconsistency between his SSDI application and his PWDCRA claim by

stating that "[t]here is no concept of accommodation in the fact-findings regarding" an SSDI claim. This is the very explanation envisioned in *Cleveland*, that the plaintiff's SSDI statements were " 'made in a forum which does not consider the effect that reasonable workplace accommodations' " would have on the plaintiff's ability to work. 526 US 807. Because plaintiff provided a "sufficient explanation" in his brief on remand, I conclude that the "parties should have the opportunity in the trial court to present, or to contest, these explanations, in sworn form where appropriate." *Id.*

Reading plaintiff's SSDI statements in context, I believe that a reasonable jury could find that plaintiff was capable of satisfying the prima facie elements of both his handicap and age discrimination claims. I would therefore reverse the trial court's decision granting defendant's motion for summary disposition with respect to those two claims and remand this case to the circuit court for further proceedings.